**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: _____

JAMES S. GRADY,

     Plaintiff,

V.

SAMUEL IACULLO, aka "Shiznit88", "homeslice60148@hotmail.com", "siacullo", ET AL.

     Defendant.

---

**COMPLAINT FOR COPYRIGHT INFRINGMENT**
**AND TRADEMARK INFRINGMENT**

---

Plaintiff James S. Grady ("Grady" or "Plaintiff") files this complaint against Samuel Iacullo ("Iacullo" or "Defendant") and alleges as follows:

## I. NATURE OF THE CASE

1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§ et seq. (the "Trademark Act").

2.    Plaintiff is the registered owner of the copyrights of a collective group of photographs and videos from the Colorado based web publication TrueTeenBabes (hereinafter the "Works") that Defendant has specifically targeted for mass infringement, either directly or indirectly, through the use of the Motherless website located at www.motherless.com.

3.    Plaintiff seeks redress for Defendant's rampant infringement of his exclusive rights in the Works, and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's copyrighted Works and Trademark.

1

4.      Plaintiff is the registered owner of the exclusive trademark TrueTeenBabes™ which Defendant has wrongfully infringed, diluted and exploited on a large scale to draw visitors, customers and additional infringers to the Motherless website.

5.      Plaintiff seeks further redress for Defendant's rampant infringement and dilution of his exclusive rights in the trademark TrueTeenBabes™, and for injunctive relief to stop Defendant from continuing to infringe upon Plaintiff's trademark.

6.      Each time Defendant unlawfully distributes a copy of Plaintiff's copyrighted Works to others over the Internet, each recipient can then distribute that unlawful copy of the Works to others without degradation in quality.  Thus, Defendant's distribution of even a single unlawful copy of the Works can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. In this case, Defendant's copyright infringement is directly responsible for an infinite number of downstream infringements, each of which devalues Plaintiff's Works, property, rights and business.

7.      Defendant's actions were willful and malicious in nature, entitling Plaintiff to enhanced damages. Plaintiff seeks statutory damages, an award of his attorneys' fees and costs of suit, as well as injunctive relief.

## II.  JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. Seq., 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

9.      This Court has personal jurisdiction over Defendant who has purposefully availed himself to this jurisdiction as he has committed unlawful and tortuous acts both within and outside the district, and has specifically aimed his tortuous acts towards this district with full

knowledge that his acts would cause injury in this district and that the negative consequences thereof would be felt within this district. Defendant has infringed and continues to infringe Works clearly marked as belonging to Plaintiff, thus Defendant's acts are expressly aimed against Plaintiff, who is a resident of Colorado, and his business which is located within Colorado.

10.    Plaintiff's claims arise out of Defendant's unlawful and tortuous conduct, targeted specifically at Plaintiff and Plaintiff's business in Colorado, which gives rise to personal jurisdiction over Defendant.

11.    Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District or were targeted at this District, and all of the property that is the subject of this action is situated within this District.

### III. THE PARTIES

#### A. Plaintiff

12.    Plaintiff James S. Grady is a resident of Colorado doing business as Group Five Photosports and TrueTeenBabes™, inter alia, with his principal place of business in Littleton, Colorado. Plaintiff produces, markets and distributes premium quality entertainment products, including wholly original Internet content, Internet websites, videos, DVDs and photographs (hereinafter "Works").

13.    Plaintiff has registered with the United States Copyright Office his copyrighted Works identified in the paragraphs below. Plaintiff has taken industry standard steps to identify his products, including placing a copyright symbol and his registered Trademark on each

individual photograph, and by placing recorded copyright warnings at the beginning and end of each individual video product that appear whenever those videos are played.

14.    Plaintiff's TrueTeenBabes™ trademark has been continuously used in commerce since at least July 2001. U.S. Trademark Registration #3,733,941. See Plaintiff's Exhibit 001.

15.    Plaintiff has expended considerable effort and expense in promoting his Trademark and the goods sold under the Trademark TrueTeenBabes™. As a result, the purchasing public has come to know, rely upon and recognize the mark TrueTeenBabes™ as an international brand of high quality products and entertainment.

16.    Plaintiff owns the exclusive worldwide rights to his extensive archive of high-quality photographic Works, video Works and DVD Works and does not allow the Works to be used, reproduced, sold or distributed in any form by third parties.

17.    Plaintiff has dedicated significant resources to create, distribute and protect his Works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of his Works.

18.    The viability and profitability of Plaintiff, and his Colorado based business, depend upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's photographs, films, DVDs, movies, videos and other creative Works marketed under his TrueTeenBabes™ Trademark.

## B. Defendant

19.    Defendant Samuel Iacullo, who is also known by his alias' and screennames "Shiznit88", "homeslice60148@hotmail.com" and "siacullo", among others, has been identified

as a supplier of Plaintiff's copyrighted Works to illegal photo, video and DVD trading websites, pay to view websites, online forums, clubs and groups.

20. Defendant, has been using the above screennames and the email addresses homeslice60148@hotmail.com, along with other fake identifies, to become a prolific copyright violator since at least July of 2010 and during that time has distributed thousands of Works to which he has no rights or authority.

21. Defendant competes with Plaintiff, and illegally supplies Plaintiff's Works to others that compete with Plaintiff, in the distribution and sale of visual Works through Internet distribution.

22. Defendant, individually and with the support and coordination of others, acted willfully, knowingly and maliciously to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on Plaintiff's intellectual property for illegal gain, profit and reward.

## IV. STATEMENT OF FACTS

23. Plaintiff is the registered owner of each and every individual Work illegally distributed by Defendant. The United States Copyright Office registrations being violated in this action include, but are not limited to; PA 1-792-982, PA 1-792-977, PA 1-792-991, PA 1-792-983, PA 1-778-033, VA 1-692-438, VA 1-692-434, VA 1-703-455, VA 1-716-734, VA 1-716-735, VA 1-791-720, VA 1-791-715, VA 1-801-705, VA 1-801-229, VA 1-801-734, VA 1-801-763, VA 1-808-146, VA 1-808-718, VA 1-810-005, VA 1-810-027, et al. See generally Plaintiff's Exhibits 002 to 022.

24. Defendant is a prolific, and malicious, copyright violator and distributor of the Plaintiff's Works and numerous other registered copyrights are also being violated. Plaintiff expects to amend his Complaint to include additional Certificate of Registration numbers as investigation and discovery continue.

25. The Internet, in conjunction with recent advances in technology, hardware and software, has resulted in the availability of effective means for circumventing intellectual property rights in nearly every industry, including online entertainment. The pervasive and intense online infringement is nearly crippling the entertainment industries by providing unfettered, unregulated, free access to copyrighted Works originally produced by reputable businesses and persons, including Plaintiff.

26. These infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the Works, and without any commitment to the future of the entertainment industry. Nonetheless, these infringers utilize, display, and distribute copyrighted Works for which they have no right or proper license for their own commercial means and other significant financial benefits. Many infringers are rabid and determined in their actions and, like Defendant here, will maliciously continue to distribute the same materials over and over, even after they personally have been warned by the rightsholder. These actions have caused and continue to cause significant damage to the business and reputation of the true rightsholder, as well as to their viability and profitability, including Plaintiff in this action.

27. The website TrueTeenBabes is a Colorado based online subscription publication created, owned and managed by Plaintiff. The name TrueTeenBabes™ is a United States

Trademark registered to Plaintiff, and all content of the publication is covered by registered or pending copyrights. The publication offers a tour area and a DVD store, along with a subscriber area that can only be accessed by payment of a subscription fee. Once that payment is made the purchaser receives a unique username and password by email, then is able to access several thousand premium quality, copyright protected, photos, videos and stories produced by the Plaintiff. Online it is common for parties to refer to TrueTeenBabes by its initials "TTB" as an abbreviation.

28.	The website known as Motherless.com (Motherless) is a pornographic website that allows users to post, display and distribute photos in which they claim to have rights. Once posted the image is shown in a reduced sized. When the reduced size image is clicked upon Motherless displays the full size version in the center of web pages surrounded by advertisements for hardcore pornography. It is not the type of venue that Plaintiff would knowingly display his copyright protected Works or Trademark.

29.	Each post of copyright protected materials to Motherless by violators, such as this Defendant, is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, such as this Defendant, have the right and ability to control the infringing acts of the other individuals, and the Motherless site, by simply deleting the files they had previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement.

30.	Defendant registered as a Motherless user in July 2010 and has illegally provided them with the protected Works of Plaintiff, and other rights holders, since that date. Defendant

used the email address of homeslice601478@hotmail.com and personally selected the login name of "Shiznit88" during the Motherless registration process. To register at Motherless the user must complete an online form, affirmatively agree to certain terms and conditions, and provide a working email address to which a verification email is sent. The user must then visit that email account and take a unique 16-digit code from that email, return to the Motherless website and insert that code into a verification screen. Motherless records and stores the user's IP address, email address, and other identifying information. Only the true and correct owner of the email address can register at Motherless.

31.     To gain access to Motherless, Defendant maliciously and fraudulently, in violation of 18 U.S.C. § 2701 and 18 U.S.C. § 1030, agreed to certain terms and conditions, including affirming to Motherless, Inc. (d/b/a/ Motherless.com) that he had license or other permission to submit photos or videos to the website. See partial terms below.

*You shall be solely responsible for your own User-Submitted Content and the consequences of posting or publishing content. In connection with User-Submitted Content, you affirm, represent, and/or warrant that: you own or have the necessary licenses, rights, consents and permissions to use and authorize MI to use all patent, trademark, trade secret, copyright, right to privacy, right to publicity, or other proprietary commercial or personal rights in and to any and all User-Submitted Content to enable inclusion and use of the User-Submitted Content in the manner contemplated by the MI website and these Terms of Use.*

32.     Defendant also unlawfully agreed to allow the pornographic website Motherless to use said Works and Trademark in any manner they wished, including the advertising and

promotion of adult pornography, knowing full well that he owned no right or license to do so. See partial terms below.

> By posting Content on this website, you automatically grant, and represent and warrant that you have the right to grant, to MI and visitors of MI, an irrevocable, perpetual, non-exclusive, fully-paid, worldwide license to use, copy, perform, display and distribute such information, rights of publicity and Content and to prepare derivative works of, or incorporate into other works and other media, such information and Content, and to grant and authorize sublicenses of the foregoing.

33.     Further, Defendant posted Plaintiff's Works, knowing that the professional swimwear models depicted in Plaintiff's Works are minors under the age of 18 despite the Motherless website's requirement that persons posting content, such as Defendant, agree not to post content that contains pictures of minors. See partial terms below.

> You agree that you will not post or otherwise distribute or facilitate distribution of any Content that: ...

> 5.      contains information, material, or pictures of any person who is not both older than eighteen (18) years old and over the age of majority...

34.     Between February 1st, 2011 and May 25th, 2012 Defendant wrongfully shared on Motherless 1535 of Plaintiff's works.

35.     Due to the actions of Defendant on Motherless, Plaintiff's photos and videos of professional swimwear models, all of which are minors under the age of 18, and his Trademark

have been illegally displayed within an array of adult pornography, including graphic depictions of oral and vaginal sex, more than 300,000 times collectively.

36.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright holder. By its definition each view or download of Plaintiff's Works, as caused by Defendant, constitutes a separate and distinct instance of infringement. In this case the Plaintiff's Works have been viewed, without authorization or compensation, millions of times on one website alone, and illegally made available for download by Defendant for months, and for some files, years, without permission. With the enormous amount of Internet users viewing the Defendant's illegal posts and file sharing account, the number of uncompensated views and duplications (downloads) grows daily thus furthering the number of copyright infringements attributed directly to Defendant and contributing to the further dilution of Plaintiff's Trademark.

37.     Each of the 1,535 registered Works illegally shared on Motherless by Defendant was clearly marked with the copyright symbol and Plaintiff's Trademark TrueTeenBabes™.

38.     Defendant did not seek permission from the Plaintiff to use his copyright protected Works for any purpose.

39.     Under no circumstances has Plaintiff authorized the use of his copyright protected Works for the commercial promotion of adult pornography, nor does Plaintiff contemplate any circumstance under which he would do so.

40.     The commercial value of Plaintiff's copyrights has been greatly diminished by Defendant's actions.

41.   Defendant did not seek permission from Plaintiff to use Plaintiff's Trademark for any purpose.

42.   Under no circumstances has Plaintiff authorized the use of Plaintiff's Trademark for the commercial promotion of adult pornography, nor does Plaintiff contemplate any circumstance under which he would do so.

43.   The commercial value of Plaintiff's Trademark has been greatly diminished by Defendant's actions.

44.   Defendant's actions have caused irreparable injury to Plaintiff's reputation and goodwill, as well as that of his TrueTeenBabes™ Trademark and Copyrights.

## V.  FIRST CAUSE OF ACTION & CLAIM FOR RELIEF

### (Copyright Infringement 17 U.S.C. § 501)

45.   Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

46.   Plaintiff is the registered copyright owner of the Works infringed upon by Defendant.

47.   Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Works and to distribute them. These are rights, which Defendant willfully and maliciously infringed upon.

48.   Plaintiff is informed and believes, and on that basis alleges, that Defendant without the permission or consent of Plaintiff, has used, and continues to use the internet and various web sites to distribute Plaintiff's Works to the public, and/or make Plaintiff's Works available for distribution to others, including other web site users. In doing so, Defendant has

directly violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute direct infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act.

49.     Plaintiff is informed and believes, and on that basis alleges, that the foregoing acts of infringement were conducted by Defendant with willful and malicious intent.

50.     As a result of Defendant's infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to attorney fees pursuant to 17 U.S.C. § 505.

51.     The conduct of Defendant is causing and will continue to cause Plaintiff great and irreparable injury. Such harm will continue unless Defendant is enjoined from such conduct by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VI. SECOND CAUSE OF ACTION & CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

52.     Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

53.     Without authorization, individuals have copied, reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through Motherless thereby directly infringing Plaintiff's copyrights.

54.     Defendant contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display Plaintiff's Works by and through Motherless without regard to the ownership of the Works.

55.     Defendant designed and created his posts at Motherless with the object and intent of promoting the infringement of Plaintiff's Copyright protected Works. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's Copyrighted Works by reproducing, distributing, and publicly displaying such Works.

56.     Defendant knew of the infringement, was conscious of his own infringement, and was conscious of the fact that multiple other persons derivatively, and illegally, downloaded Plaintiff's Works.

57.     The infringement by other web site users could not have occurred but for Defendant's participation in sharing Plaintiff's protected Works. As such, Defendant's participation in the infringing activities of others is substantial.

58.     Defendant profited from this contributory infringement by way of being granted access to a greater library of infringing Works on Motherless, some of which belonged to Plaintiff and some of which belonged to other copyright holders, and further, upon information and belief, by receiving commissions and other payments or benefits received from Motherless as one of their members and affiliates.

59.     Defendant's acts of inducement to infringe were willful, malicious and in disregard of and indifference to Plaintiff's rights.

60.     The willful acts and malicious conduct of Defendant, as alleged in this Complaint, constitute contributory copyright infringement.

## VII.  THIRD CAUSE OF ACTION & CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

61.  Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

62.  Without authorization, individuals have reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through Motherless thereby directly infringing Plaintiff's copyrights.

63.  Defendant had the right and ability to control the infringing acts of the other individuals that violated Plaintiff's rights by simply deleting the posts he made to Motherless yet he willfully and maliciously chose not to do so.

64.  Defendant received benefit from the infringing activities of others that he failed to control when he had the right and ability to do so.

65.  The willful acts and malicious conduct of Defendant, as alleged in this Complaint, constitute vicarious copyright infringement.

## VIII.  FOURTH CAUSE OF ACTION & CLAIM FOR RELIEF

### (Trademark Infringement – False Designation of Origin)

66.  Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

67.  Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™, has never licensed it to outside parties, nor does he contemplate any circumstance under which he would do so.

14

68.     Defendant's repetitive use of the mark TrueTeenBabes™ in connection with displaying Plaintiff's Works constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Works displayed and distributed by the Defendant on Motherless. Defendant's usage tends to deceive and confuse consumers into believing Defendant's illegal services and postings are affiliated with Plaintiff, are sponsored or approved of by Plaintiff, or are otherwise associated with or authorized by Plaintiff.

69.     By engaging in the activities described above Defendant has made, and is making, false, deceptive and misleading statements constituting unfair competition, false designation of origin, and false advertising in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendant engaged in this course of action willfully, maliciously and with full knowledge and awareness of the superior Trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with or licensed by Plaintiff.

71.     Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff and his Trademark and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

72.     Plaintiff is entitled to recover all damages sustained as a result of Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

73.    Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising.

## IX.  FOURTH CAUSE OF ACTION & CLAIM FOR RELIEF

### (Trademark Infringement – Dilution)

74.    Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

75.    Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™ which has become and at all times relevant has been "famous" within the meaning of 15 U. S. C. § 1125(c).

76.    The websites to which Defendant has wrongfully posted Plaintiff's high-quality Works typically intermingle them with images of poor quality or of an offensive or illegal nature, as well as use the Works to promote adult pornography.  The acts of Defendant averred herein have lessened the capacity of Plaintiff's Trademark to identify and distinguish Plaintiff's services and products from those of Defendant and the pornographic websites he promotes and affiliates with, have tarnished the valuable image and reputation associated with the Trademark, and have created an undesirable, unwholesome, or unsavory mental association with Plaintiff and the TrueTeenBabes™ Trademark, damaging Plaintiff's goodwill and disparaging Plaintiff's rights in the TrueTeenBabes™ Trademark.  Defendant's acts and conduct are in violation of 15 U. S. C. § 1125(c). Defendant willfully and maliciously intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's TrueTeenBabes™ Trademark.

77.    Plaintiff is entitled to recover all damages sustained as a result of Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

78.     Plaintiff is entitled to injunctive relief against Defendant, restraining further acts

of Trademark infringement and dilution.

## X. PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(1)     That the Court enter a judgement declaring that Defendant has:

      a.     willfully infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501 no less than 1,535 times through his direct, contributory and vicarious acts;

      b.     willfully violated Plaintiff's registered Trademark through his false designation of origin and Trademark dilution acts;

      c.     otherwise injured the personal and business reputation of Plaintiff by his acts and conduct as set forth in this Complaint;

(2)     That the Court issue an injunction providing that:

Defendant shall hereby be enjoined from directly or indirectly infringing upon the copyrights in these Works or any other Works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Works, to distribute (i.e., upload) any of Plaintiff's Works, or to make any of Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with Plaintiff's express consent.

Defendant shall destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

Defendant shall hereby be enjoined from directly or indirectly infringing upon the Trademarks, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), except pursuant to a lawful license or with Plaintiff's express consent.

(3)     Statutory damages for each infringement of Plaintiff's copyrighted Works pursuant to 17 U.S.C. § 504 in an amount to be proven at trial, but not less than $1,000 for each of the 1,535 direct infringements ($1,535,000) or if the Court finds Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, not less than $5,000 for each of the 1,535 direct infringements ($7,675,000).

(4)     That Defendant be ordered to pay damages for his willful Trademark infringement and dilution in an amount to be proven at trial, currently estimated to be $500,000.

(5)     That Defendant be ordered to pay punitive damages in an amount the Court deems just and proper.

(6)     That Defendant pay to Plaintiff his reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7)     That Defendant pay Plaintiff the costs of this action; and,

(8)   For such other and further relief, either at law or in equity, general or special, to which Plaintiff may be entitled.

DATED: March 8, 2013

Respectfully submitted,

MILLER & STEIERT, P.C.

Michael P. Miller
Mollie B. Hawes
1901 W. Littleton Blvd.
Littleton, CO 80120
(303) 798-2525
(303) 798-2526 (facsimile)
mollieh@m-s-lawyers.com

*Counsel for Plaintiff James S. Grady, d/b/a Group Five Photosports*

Plaintiff's Address: 40 Littleton Bl, #210-220, Littleton, CO 80120