**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-00624-RM-KMT

JAMES S. GRADY,

      Plaintiff,

v.

SAMUEL IACULLO, a/k/a "Shiznit88," homeslice60148@hotmail.com, "siacullo," et al.,

      Defendant.

---

## ORDER

---

      This matter is before the Court on Magistrate Judge Kathleen M. Tafoya's Recommendation ("Recommendation") (ECF No. 35) that the Court deny Defendant Samuel Iacullo's motion to dismiss ("Motion to Dismiss") (ECF No. 27).

      For the reasons stated below, the Court:  (1) REJECTS the Recommendation; but (2) DENIES Defendant's Motion to Dismiss.

## I.      BACKGROUND

      On March 8, 2013, Plaintiff James Grady filed this lawsuit against Defendant for alleged copyright and trademark violations.  (ECF No. 1 ¶¶ 45-78.)  Plaintiff alleges that the Court has subject matter jurisdiction as the matter arises under a United States law as well as relates to copyrights and trademarks.  (ECF No. 1 ¶ 8.)  Plaintiff alleges that the Court has personal jurisdiction over Defendant as Defendant's conduct was committed, in part, within the District of Colorado as well as was targeted at Plaintiff who is a resident of Colorado.  (ECF No. 1 ¶¶ 9-10.)

This matter has been reassigned to three different presiding judges.  (ECF Nos. 2, 6, 11.)

On March 15, 2013, Judge Philip A. Brimmer referred, in pertinent part, the matter to Magistrate Judge Tafoya for the purpose of entering a scheduling order.  (ECF No. 7.)

On April 11, 2013, a summons returned executed was filed with the Court.  (ECF No. 9.) Defendant's answer was due on April 22, 2013.  (ECF No. 9.)  On April 30, 2013, Plaintiff notified the Court that Defendant had filed a voluntary petition for relief in the United States Bankruptcy Court for the Western District of Texas under Chapter 7 of Title 11 of the United States Code.  (ECF No. 10.)  That matter is pending as Case No. 13-51001-cag ("Bankruptcy Case").  (ECF No. 10.)

On May 2, 2013, the Court stayed all proceedings in this matter pending resolution of the Bankruptcy Case.  (ECF No. 12.)  On May 8, 2013, the Court administratively closed the matter subject to reopening for good cause.  (ECF No. 13.)

On October 18, 2013, the Court granted a motion to reopen the matter.  (ECF No. 18.) The Court ordered Plaintiff to serve a copy of the order reopening the matter on Defendant and file a certificate of service with the Court.  (ECF No. 18.)  Plaintiff subsequently requested an extension of time to serve Defendant with a copy of the order reopening the case and setting the deadline for Defendant to answer or otherwise respond to the Complaint.  (ECF No. 19.)  The Court granted Plaintiff's motion for an extension of time and ordered Defendant to answer or otherwise respond to the Complaint on or before December 6, 2013.  (ECF No. 21.)

On December 6, 2013, Defendant filed, what the Court docketed as, an answer to the Complaint that contained elements of being a motion to dismiss the Complaint.  (ECF Nos. 23, 34.)

For an unknown reason, the matter was dormant for a period of time between December 27, 2013 and June 9, 2014. (*See* Dkt.) On June 9, 2014, the Court set the matter for a scheduling conference. (ECF No. 26.)

On July 3, 2014, Defendant filed the Motion to Dismiss the matter due to the Court's failure to hold a scheduling conference pursuant to Rule 16(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 27.)

On July 10, 2014, Magistrate Judge Tafoya held a scheduling conference during which Plaintiff and Defendant appeared. (ECF No. 34.) At the scheduling conference, Magistrate Judge Tafoya informed the parties that she would recommend that the Court deny Defendant's Motion to Dismiss and provided the parties with an opportunity to respond orally at the scheduling conference to that recommendation. Magistrate Judge Tafoya did not inform the parties of their right to object to her recommendation.

## II.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the

absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. *Pro Se* Status

Defendant is proceeding *pro se*. The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for a party in the absence of any discussion of those issues) (citations omitted). Defendant's *pro se* status does not entitle him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *affirmed and adopted in* 2010 WL 4449729.

### C. Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . ." *Id*. at 555 (citations omitted).  "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id*.  A "plaintiff must 'nudge []

[his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of

facts in support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

(emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope

of the allegations in a complaint:  if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims

across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has

further noted "that the nature and specificity of the allegations required to state a plausible claim

will vary based on context." *Id.* (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id.* (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*

### D.      Rule 12(b)(2) Motion

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) (citation omitted). When the district court does not hold an evidentiary hearing before ruling on jurisdiction, "the plaintiff need only make a *prima facie* showing" of personal jurisdiction to defeat a motion to dismiss. *Id.* (citing *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983)). A *prima facie*

showing is made where the plaintiff has demonstrated facts that, if true, would support jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). To defeat the plaintiff's *prima facie* case, a defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The Court will accept the well-pled factual allegations (namely, the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiff has made a *prima facie* showing that personal jurisdiction exists. *Id.* Any factual conflicts must be resolved in the plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

### E.  Rule 12(b)(1) Motion

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be brought in two forms: "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack" as to subject matter jurisdiction challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must accept the allegations in the complaint as true. *Id.* A "factual attack" as to subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing such a challenge, the Court has discretion to consider documents outside of the complaint. *Id.* at 1003. If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the complaint, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

## III.   ANALYSIS

While Magistrate Judge Tafoya's Recommendation is correct that Defendant's Motion to Dismiss is insufficient as a matter of law, Magistrate Judge Tafoya erred by not informing the parties, particularly the *pro se* Defendant, of their right to file objections with the Court regarding the Recommendation. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (holding that "[i]n proceedings in which a party appears without benefit of counsel, [the Tenth Circuit] shall exercise [its] supervisory power and require magistrates within the circuit to inform a *pro se* litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate") (citations omitted).  Thus, despite the absence of objections to the Recommendation, the Court will undertake a *de novo* review of Defendant's Motion to Dismiss.

Rule 16(b)(2) of the Federal Rules of Civil Procedure requires the Court to issue a "scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).  In this matter, the Court failed to comply with Rule 16(b)(2).  (*See* Dkt.)

Rule 16(b)(2), however, is procedural in nature and directed toward the courts.  Fed. R. Civ. P. 16 Advisory Comm. Cmts. 1983 amends.  Rule 16(b)(2) is intended to result in efficient adjudication of matters.  Fed. R. Civ. P. 16 Advisory Comm. Cmts. 1983 Amendments ("If a

scheduling conference is not arranged within [the specified] time and the case is not exempted by a local rule, a scheduling order must be issued under Rule 16(b), after some communication with the parties, which may be by telephone or mail rather than in person.").   Defendant provides the Court with no (and the Court is aware of none) precedent where a court's failure to comply with the time limits set forth in Rule 16(b)(2) divests the Court of jurisdiction over the parties or that a plaintiff should be penalized for the court's failure to comply with the rule.

Although the Court failed to comply with the time limits as set forth in Rule 16(b)(2), the Court rectified its failure by issuing a scheduling order subsequent to the scheduling conference. (ECF Nos. 33, 34.)

Because Defendant does not argue that (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted, (2) the Court lacks personal jurisdiction over Defendant[1], (3) the Court lacks subject matter jurisdiction, or (4) any other defense permitted under Rule 12(b), the Court denies Defendant's Motion to Dismiss.

---

[1] The Court notes that the only Rule 12(b) of the Federal Rules of Civil Procedure defense Defendant cites is Rule 12(b)(2). (ECF No. 27 at 1.)  Assuming this was not a typographical error, the Court analyzes whether Defendant's defense has merit under Rule 12(b)(2).  Defendant, however, notes that he first appeared before the Court on December 3, 2013 (the correct date is December 6, 2013 (ECF Nos. 23, 24)) which is approximately seven months before he asserts this defense.  (ECF No. 27 at 1.)  Thus, Defendant waived this defense because he did not make it first in a motion, a responsive pleading, or in an amendment.  *See* Fed. R. Civ. P. 12(h)(1); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174-75 (10th Cir. 1992).  Defendant's filing of December 6, 2013 (ECF No. 23) argues that he is "unsure as to whether this Court has proper jurisdiction and venue over this action."  (ECF No. 23 at 1.)  Even construing Defendant's December 6, 2013 filing liberally, Defendant did not argue that he has insufficient minimum contacts with the District of Colorado such that the Court does not have personal jurisdiction over him.  (*See generally* ECF No. 23.)

IV.    **CONCLUSION**

Based on the foregoing, the Court:

(1)    REJECTS the Recommendation (ECF No. 35); but

(2)    DENIES Defendant's Motion to Dismiss (ECF No. 27).

DATED this 4th day of February, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge