IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00624–RM–KMT

JAMES S. GRADY,

    Plaintiff/Counterclaim Defendant,

v.

SAMUEL IACULLO, aka "Shiznit88", "homeslice60148@hotmail.com", "siacullo", ET AL,

    Defendant/Counterclaim Plaintiff.

## ORDER

This matter is before the court on Defendant Samuel Iacullo's "Motion to Stay or Abate Civil Proceedings." (Doc. No. 41, filed February 5, 2015.) "Plaintiff's Objection to Defendant's Motion for Continuance and Extension of Time to Respond to the Motion for Summary Judgment" was filed on February 26, 2015. (Doc. No. 43.) Defendant did not file a reply. Accordingly, this matter is ripe for the court's review and ruling.

Plaintiff's Complaint, filed March 8, 2013, asserts claims for copyright and trademark infringement based on Defendant's alleged mass-publication of certain photographs and videos owned by Plaintiff on an internet website without Plaintiff's consent. (Doc. No. 1.) On April 30, 2013, Plaintiff filed a Notice of Suggestion of Bankruptcy advising the court that Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code in Case Number 13-51001-CAG before the United States Bankruptcy Court for the Western District of Texas (hereinafter the

"Bankruptcy Court"). (*See* Doc. No. 10.) In light of the automatic stay imposed by Section 362(a) of the Bankruptcy Code, this case was administratively closed subject to reopening for good cause. (*See* Order, Doc. No. 13.)

On October 16, 2013, Plaintiff moved to reopen this action due because the Bankruptcy Court granted his motion for relief from the automatic stay to allow him to pursue his claims against Defendant in this action. (Doc. No. 16.) The court reopened this case on October 18, 2013 (Minute Order, Doc. No. 18) and subsequently held a Scheduling Conference on July 10, 2014 (*See* Doc. Nos. 32-33.)

On January 16, 2015, Plaintiff moved for summary judgment on his claims for direct, contributory, and vicarious copyright infringement and trademark infringement. (Doc. No. 38.) Shortly thereafter, Defendant filed his Motion to Stay. Defendant argues that this case should be stayed or abated in deference to an ongoing adversary proceeding captioned *Grady v. Iacullo,* Adv. No. 13-05057-CAG, which is pending before the Bankruptcy Court and is related to Defendant's Chapter 7 bankruptcy petition. Defendant argues that a stay is warranted given the progress of the adversary proceeding, the potential for conflicting rulings between this court and the Bankruptcy Court, and the burden Defendant would face in defending both this case and the adversary proceeding.

The court declines to stay or abate this action. First and foremost, Defendant has not identified any legal authority suggesting that this court must or should stay or abate this action because there is a parallel adversary proceeding pending before the Bankruptcy Court. Moreover, the court believes that this venue is the appropriate venue for adjudicating Plaintiff's claims. Indeed, there is some question as to whether the Bankruptcy Court has the authority to fully

adjudicate Plaintiff's trademark and copyright infringement claims in the adversary proceeding. *See Stern v. Marshall,* --- U.S. ----, 131 S. Ct. 2594, 2618 (2011) (holding that the bankruptcy court did not have the constitutional authority to enter a final judgment on a state law claim that would not be resolved in the process of ruling on a creditor's proof of claim); *Mercury Cos., Inc. v. FNF Sec. Acquisition, Inc.,* 460 B.R. 778, 780 (D. Colo. 2011) ("There is some question in this case as to whether the Bankruptcy Court would have had the authority, absent the parties' consent, to enter orders and judgment in the Adversary Proceeding"). Defendant's concerns over the potential for conflicting rulings and the burden imposed by defending both this action and the adversary proceeding are not sufficient to overcome this constitutional concern.

Therefore, it is

ORDERED that Defendant's "Motion to Stay or Abate Civil Proceedings" (Doc. No. 41) is DENIED. Defendant shall respond to Plaintiff's Motion for Summary Judgment no later than May 1, 2015.

Dated this 8th day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge