IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00624-RM-KMT

JAMES S. GRADY,

    Plaintiff,

v.

SAMUEL IACULLO, aka "Shiznit88", "homeslice60148@hotmail.com", ET AL,

    Defendant.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on "Plaintiff's Renewed Motion for Summary Judgment" (Doc. No. 52 ["Mot."], filed August 5, 2015). Defendant did not respond. However, Plaintiff had previously filed a Motion for Summary Judgment, to which Defendant had filed a response (Doc. No. 46 ["Resp."]) and Plaintiff had replied. (Doc. No. 48 ["Reply"].) Plaintiff's original Motion for Summary Judgment was subsequently stricken for failure to comply with D.C.COLO.LCivR 56.1. (Doc. No. 51.) In light of the fact that Defendant is proceeding *pro se*, out of an abundance of caution, the court has considered the Defendant's Response to the previous Motion for Summary Judgment, as well as Plaintiff's related Reply.

## UNDISPUTED FACTS

Plaintiff is a photographer who does business as Group Five Photosports. (Doc. No. 1 ["Comp."] at ¶ 12; Doc. No. 52-3 ["Affidavit"] at ¶ 1.) Plaintiff holds a copyright in numerous images and videos of professional swimwear models, all whom are under the age of 18 years of age. (Comp. at ¶ 2 ; Affidavit at ¶ 11.) Plaintiff has also registered the trademark TrueTeenBabes. (*Id.* at ¶ 4; Doc. No. 52.5.) This trademark appears on all of his images and videos. (Comp. at ¶ 39.) Plaintiff posts the images and videos on a commercial website, trueteenbabes.com, and users pay a subscription fee to access and view the same. (Comp. at ¶ 27.) 1,535 of the images (the "Photographs") are at issue in the present matter. (*Id.* at ¶ 34.)

A separate website, Motherless.com ("Motherless"), is a pornographic website that allows users to post, display and contribute photographs. (*Id.* at ¶ 28.) Once posted to Motherless, a shared image is shown in a reduced size for the public to see. (Affidavit at ¶ 7.) When the reduced image is clicked, Motherless displays the full size version in the center of web pages surrounded by photographs and/or videos that Plaintiff considers hard core pornography. (Affidavit at ¶¶ 7, 21, 25, 26.)

Defendant joined Motherless in July 2010. (Resp. at 11-12.) Defendant saw the Photographs on the Motherless website where they had been shared by other Motherless users. (Resp. at 12.) On February 1, 2011, Plaintiff joined a group entitled, "True Teen Babes," within Motherless that had been previously created by another user. (*Id.*) Between February 1, 2011 and May 25, 2012, Defendant shared links to the Photographs within the True Teen Babes group without Plaintiff's permission. (*Id.;* Affidavit at ¶ 9.)

Plaintiff has filed numerous lawsuits in this Court based on similar allegations against other defendants. In most, if not all, of those cases, Plaintiff has alleged that the defendant was a previous or former subscriber to his website, trueteenbabes.com, who directly downloaded his images or videos and then shared them elsewhere on the internet. *See Grady v. Bremer,* Case No. 11-cv-2588; *Grady v. Swisher,* Case No. 11-cv-2880; *Grady v. Fielder*, Case No. 12-cv-0039; *Grady v. Samuelson*, Case No. 12-cv-0037; *Grady v. Nelson*, Case No. 12-cv-3004; *Grady v. Cavendar,* Case No. 12-cv-3185; *Grady v. Broderson,* Case No. 13-cv-0752; *Grady v. Lambert*, Case No. 13-cv-2828-MSK-MJW. In the present case, however, it is undisputed that Defendant never directly downloaded the Photographs from Plaintiff's website but instead, shared, within the True Teen Babes group, links to images that had already been uploaded elsewhere on the Motherless website by other users. (Resp. at 11-12.) Defendant asserts that he was not aware that the images he shared constituted copyrighted material. (Resp. at 12.) Plaintiff contends that his copyright insignia was on each image to which Defendant linked or shared. (Reply at 5.) Defendant does not dispute the same and it appears, from a copy of a screenshot submitted to the court of images shared by Defendant, that an insignia is present on the Photographs. (Doc. No. 52-6.)

Defendant received a cease and desist letter from Plaintiff's counsel dated July 5, 2012 and stating that Defendant had unlawfully shared Plaintiff's copyrighted Photographs on Motherless, demanding Defendant immediately remove said Photographs and also demanding $33,000.00 in damages. (Resp. at 15-20.) Defendant immediately complied with Plaintiff's request that he remove the Photographs he had previously shared. (Resp. at 12-13.) Plaintiff subsequently filed this lawsuit against Defendant on March 8, 2013 asserting five causes of action against Defendant:

3

(i)-(iii) direct, contributory and vicarious copyright infringement respectively under the Copyright Act, 17 U.S.C. § 501; (iv) trademark infringement on a false designation theory, 15 U.S.C. § 1125(a), in that Defendant's postings are likely to deceive customers as to the source of the photos displayed; and, (v) trademark dilution under 15 U.S.C. § 1125(c), in that Defendant's actions caused Plaintiff's work to "intermingle with images of poor quality or of an offensive or illegal nature." (Comp. at ¶ 76.)

## STANDARD OF REVIEW

### 1. *Pro se* party

Defendant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim [or defense] upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a *pro se* litigant can prove facts that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. Summary judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a

court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

**1. Copyright Claims**

"To demonstrate copyright infringement, a plaintiff must demonstrate two elements: (i) ownership of a valid copyright; and (ii) unlawful appropriation of protected portions of the copyrighted work." *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1056 (D. Colo. 2012) (citing *La Resolana Architects, PA v. Reno, Inc.,* 555 F.3d 1171, 1177 (10th Cir. 2009)). With regard to the first element, Plaintiff's photographs and videos are grouped into collections and he has copyrighted those photos by name (*e.g.* Libby Turner in Miami, Libby Turner HDV011-012). (Doc. No. 52-4 at 1-22.) Plaintiff has tendered a chart that identifies the Photographs that Defendant posted to Motherless, including the number of photos posted, the folder or collection name from which those photos were derived, the Copyright Certificate number for each such collection and the Registration Date of each Copyright Certificate. (Doc. No. 52-7.) Defendant does not dispute the information presented in the chart; however, the court notes that the chart does not include the date Defendant published the Photographs. (*Id.*) Plaintiff has also provided the pertinent Copyright Certificates for each folder, each of which name him as the registrant. (Doc. No. 52-4 at 1-22.) Based on the above, the court finds Plaintiff has established that he holds the copyrights in the Photographs. Pursuant to 17 U.S.C. § 106(5), ownership of the copyright in the Photographs entitled Plaintiff to the exclusive right to publicly display the same.

As for the second element, Defendant has admitted sharing the Photographs, which he saw after other users posted them on Motherless. Though Defendant contends he was not aware that he was sharing copyrighted material, the Copyright Act provides strict liability for copyright infringement so long as there was volitional conduct on the part of the defendant; in other words, knowledge is not a prerequisite to liability. *See Flava Works, Inc. v. Gunter*, No. 10 C 6517, 2011 WL 1791557 (N.D.Ill. May 10, 2011) (citing *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) ("[W]e hold that [internet service providers], when passively storing material at the direction of users in order to make that material available to other users upon their request, do not 'copy' the material in direct violation of § 106 of the Copyright Act."); *Religious Tech. Ctr. v. Netcom On–Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D.Cal. 1995) ("Although copyright is a strict liability statute, there should still be some element of volition or causation which is lacking where a defendant's system is merely used to create a copy by a third party."); *see also Parker v. Google, Inc.*, 242 F. App'x 833, 836–37 (3d Cir. 2007) (citing *CoStar* and *Netcom*)). Here, it is undisputed that Defendant engaged in the volitional act of sharing the Photographs, regardless of whether he was aware at the time that it constituted copyright infringement. Thus, the court finds that Plaintiff has adequately established Defendant directly infringed Plaintiff's copyright under 17 U.S.C. § 501.

Defendant argues Plaintiff should be denied relief based on the affirmative defense of unclean hands. (Doc. No. 36 at 5; Resp. at 7-9.)

> In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros.*

> *Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). Where asserted, unclean hands "must be pled with the specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644–REB–CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D.Ill. April 17, 2008)). These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and [4] affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)).

*Malibu Media, LLC v. Cuddy*, No. 13–cv–02385–WYD–MEH, 2015 WL 1280783, *7 (D. Colo. March 18, 2015).

In support of this defense, Defendant argues that Plaintiff is a member of the Motherless website, including the group True Teen Babes, and essentially permits the alleged copyright violations because Plaintiff is aware that infringement is rampant on the website but continues to bring suit against individual users rather than working directly with Motherless to remove the infringing activity. (Resp. at 7-9.) Defendant makes a compelling argument.

It is undisputed that Plaintiff is a member of Motherless, registered under the username "17USC101," and he has admitted that Motherless is replete with unauthorized copies of his material. (Comp. at ¶ 53; Resp. at 21-22.)[1] On November 27, 2012, Plaintiff posted within the True Teen Babes group on the Motherless website that he had sued the person who started the True Teen Babes group for over $4 million[2] and that he was going to sue "love_jailbait" (John

---

[1] At least one other lawsuit that Plaintiff has filed in this court has involved a user that posted allegedly copyrighted photographs to Motherless. In that case, like this one, Plaintiff brought suit against the individual user. (*See Grady v. Nelson*, Case No. 12-cv-3004.)

[2] In his post, Plaintiff referenced *Grady v. Nelson*, Case No. 12-cv-3004 filed with this court. In that case, the defendant never answered and Plaintiff was awarded default judgment in the amount of $ 747,571.00, consisting of $742,000.00 in damages and $5,571.50 in attorney's fees. (*See*

Cavendar) [] for over 8 million [and] "southflcpl" is next (Jason D Jones) (unless he hires a lawyer and calls to settle first – before Jennifer is included)" within the following two weeks. (Doc. No. 46 at 21.) Though Defendant's point is well taken that Plaintiff could direct his actions toward Motherless to remove the infringing material rather than repeatedly suing individual users for monetary damages, according to Plaintiff, he does work with Motherless. He states that the website allows copyright holders special access to the site in order to "ascertain identifying information for the persons sharing works on the site without the rightholder's permission." (Affidavit at ¶ 17.) While the court may not deem this approach the most appropriate, the court cannot conclude that it involves "fraud, deceit, unconscionability, or bad faith," as required to support an unclean hands defense. *Id.*

As he has in other lawsuits, Plaintiff also asserts separate claims for secondary liability against Defendant under theories of vicarious and contributory infringement. Contributory infringement occurs when a defendant "causes or materially contributes to another's infringing activities," knowing such infringement to be occurring, such as when a defendant authorizes and encourages others to engage in infringement. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005); *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). Vicarious liability arises when a defendant profits from direct infringement committed by others while declining to exercise a right or power to stop it; that is, when the defendant has both "the right and ability to supervise the infringing activity" and "a direct financial interest in the activity." *Grokster*, 545 U.S. at 930; *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013).

---

*Grady v. Nelson*, Case No. 12-cv-3004, Doc. Nos. 34, 35.)

In an earlier lawsuit filed by Plaintiff that mirrors the present case, Chief District Judge Marcia S. Krieger found that because Plaintiff had successfully established he was entitled to a remedy under direct infringement, the court need not reach his theories of secondary infringement. *Grady v. Lambert*, No. 13-cv-02828-MSK-MJW, 2015 WL 5697316, at *3 (D. Colo. Sept. 29, 2015). The court explained:

> First, having already succeeded on his claim of direct infringement, [Plaintiff] obtains nothing more by way of remedy from proving in the alternative that [Defendant] could also be liable for vicarious or contributory infringement. Second, the Court finds that the instant record would not support a claim for any form of secondary infringement, as the record does not reflect that any person other than [Defendant] infringed [Plaintiff's] copyrights. At best, [Plaintiff's] affidavit mentions that [Defendant] "encouraged other users of [xbbs.asia] to upload other images of [Plaintiff's] works so as to 'complete the collection'," but [Plaintiff] does not affirmatively assert the existence of any other person that actually did so. Third, even assuming that [Plaintiff] could show that [Defendant] was successful in encouraging others to also infringe [Plaintiff's] copyrights, a claim for vicarious liability would not lie because [Plaintiff] asserts no facts showing that [Defendant] had the ability to control any other person's infringing activities, nor that he had any direct financial interest in doing so. Accordingly, the Court denies [Plaintiff's] request for summary judgment on his secondary copyright infringement claims.

*Id.* The same reasoning applies to the present case and dictates a denial of Plaintiff's request for summary judgment based on secondary infringement theories.

First, Plaintiff has already succeeded on his direct infringement claim, *supra*, and therefore, gains no additional remedy through the alternative secondary infringement theories. Second, the court concludes that the record does not support a finding for contributory infringement as Plaintiff has not shown that any other person infringed Plaintiff's copyrights as a result of Defendant's infringement. In his Complaint, Plaintiff explains that copyright infringement of his work is basically rampant on Motherless. (Comp. at ¶ 53.) He further alleges that Defendant "contributed to the infringing acts of those individuals and allowed, encouraged

and induced those individuals to reproduce, distribute and publicly display [the Photographs] by and through Motherless without regard to [ownership]." (Comp at ¶ 54.) In his Affidavit, Plaintiff contends that the Photographs have been viewed more than 300,000 times on Motherless due to the actions of Defendant. (Affidavit at ¶ 11.) However, Plaintiff does not present any evidence supporting these allegations. He has not presented a scintilla of evidence affirmatively establishing that Plaintiff "encouraged and induced" other Motherless users to share or distribute the Photographs. Nor has Plaintiff presented any evidence that any other user actually did reproduce, distribute or publicly display the Photographs as a direct result of Defendant's posts sharing the same. Finally, he has failed to provide any evidence, beyond his own conclusory and unsupported assertions, that the Photographs shared in Defendant's posts have been "illegally displayed" 300,000 times, or any other specific number of times.

Third, even if Plaintiff had actually presented evidence that other people shared the links to the Photographs Defendant shared, a claim for vicarious liability would not lie because Plaintiff has not presented any evidence showing Defendant had the ability to control any other person's infringing activities. Moreover, the existence of a financial interest for Defendant in sharing the Photographs on Motherless remains disputed in the record. Plaintiff makes a speculative allegation regarding this issue in his Affidavit stating, "The purpose of [Defendant's] actions *appears to be* to unlawfully earn rewards from [Motherless], including access to premium libraries without charge and to encourage others to trade materials from [Plaintiff] and other rights-holders. Defendant has profited from [the Photographs]. Defendant enjoyed a direct financial benefit by way of gaining access to premium portions of the pornographic website without payment." (Affidavit at ¶ 12) (emphasis provided.) Once again, Plaintiff presented no evidence to support

11

this allegation and Defendant specifically disputed the same in his Response. (Resp. at 4, 12.) Accordingly, the court should deny Plaintiff's request for summary judgment with regard to his secondary copyright infringement claims.

That leaves the question of an appropriate remedy for Defendant's direct infringement. Defendant has raised an affirmative defense based upon Plaintiff's failure to mitigate damages. With regard to monetary damages, 15 U.S.C. § 504 permits a copyright owner to obtain an award of actual damages and profits or statutory damages against an infringer. Plaintiff elected to pursue statutory damages exclusively. (Comp. at 18.) "A copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158 (D. Colo. 2014) (citing *Moothart v. Bell*, 21 F.3d 1499, 1506–07 (10th Cir. 1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.,* 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory damages)). Therefore, Defendant's affirmative defense of failure to mitigate should be denied.

Notably, in his Motion, Plaintiff proposes to leave the issue of damages to be resolved at some future time. (Mot. at 11) ("Plaintiff respectfully requests [] an order granting Summary Judgment in favor of Plaintiff with respect to [his copyright and trademark claims], and reduce the remaining issues in this matter to the question of damages."). Thus, the determination of damages is not currently at issue. However, the court notes that statutory damages pursuant to 17 U.S.C. § 504(c) are not available if the alleged infringement occurred prior to the registration date of the copyright. *See* 17 U.S.C. § 412. Specifically, 17 U.S.C. § 412 provides:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

In at least one other case Plaintiff has brought in this court for copyright infringement, the court found that with regard to a portion of the infringements established therein, Plaintiff was not entitled to statutory damages because the infringement did not occur within the time limitations set forth under § 412. (*See Grady v. Swisher*, Case No. 11-cv-2880, Doc. Nos. 36, 38.)

In the chart Plaintiff submitted in the present case purportedly evidencing Defendants' infringing activities, Plaintiff does not set forth the specific dates Defendant shared the individual copyrighted images. (Doc. No. 52-7). Further, several of the registration dates for the relevant copyright certificates are during the latter portion of the time period in which Defendant shared the Photographs. (*Id.*) Thus, the court should examine this issue carefully prior to awarding statutory damages to Plaintiff.

**2. Trademark claims**

Plaintiff has also asserted two trademark claims based on false designation of origin and dilution. (Comp. at 14-17.) To establish a claim for false designation of origin under the Lanham Act, Plaintiff must show: (i) that he has a protectable interest in the mark "TrueTeenBabes"; (ii) that Plaintiff has used an identical or similar mark in commerce; and (iii) that Defendant's use of

the mark is likely to confuse consumers as to the source of Plaintiff's or Defendant's goods or services. *1-800 Contacts, Inc. v. Lens.com, Inc*., 722 F.3d 1229, 1238 (10th Cir. 2013).

Plaintiff asserted these same claims in *Grady v. Lambert*, *supra*, and Judge Krieger denied summary judgment as to both, even though the defendant in that case had not responded to the initial Complaint or the Motion for Summary Judgment. Judge Krieger explained,

> The Court will assume, for purposes of this analysis, that [Plaintiff] has a protectable interest in the mark and that [Defendant's] republishing of the photos on xbbs.asia included [Plaintiff's] mark on the photos. But [Plaintiff] has not come forward with evidence that, when reposting the photos, [Defendant] was engaging in "commerce"; that is, [Plaintiff] has not shown that [Defendant] was himself attempting to sell any goods or services []. The Lanham Act is designed to "protect the ability of consumers to distinguish among competing producers" of goods and services, and "not to prevent all unauthorized uses" of a mark. *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research*, 527 F.3d 1045, 1052-52 (10th Cir. 2008) (emphasis added). Here, there is nothing in the record that indicates that [Defendant] was attempting to sell [Plaintiff's] work under his own name or was using [Plaintiff's] work to promote some goods or services that [Defendant] was attempting to sell. Rather, this appears to be a simple case in which a <u>consumer</u> of [Plaintiff's] goods improperly shared those goods with other consumers, obtaining nothing more than thanks in return. This is insufficient to support a trademark claim. *Id.* at 1054 (noting that "not [every] use of the Internet is necessarily commercial for the purposes of the Lanham Act," and proof that defendant made online use of another's mark, but "not in connection with any goods or services" was insufficient to support a trademark claim). Accordingly, [Plaintiff's] request for summary judgment on his trademark claim is denied.

*Id.* at *3 (emphasis in original). The court finds that again Judge Krieger's reasoning applies to the present case, dictating a denial of Plaintiff's request for summary judgment.

Plaintiff has not presented any evidence that Defendant was engaged in commerce. Instead, Plaintiff's only attempt to satisfy this element of his claim is the previously addressed conjecture regarding Defendant's gaining access to premium portions of Motherless, which Defendant disputes, and this conclusory statement in his Complaint: "Defendant's repetitive use of

the mark TrueTeenBabes in connection with displaying Plaintiff's [Photographs] constitutes a use in commerce . . . ." (Comp. at ¶68.) Defendant's act of sharing the Photographs does not constitute commerce merely because Plaintiff says it does. There is no evidence in the record that Defendant ever tried to sell or compete with Plaintiff. While Defendant in this case was not a consumer of Plaintiff's products, as was the defendant in *Lambert*, the record shows that Defendant's actions were limited to sharing the Photographs that someone else had already posted on Motherless. This is not sufficient to sustain a trademark claim and Plaintiff's request for summary judgment should be denied.

Accordingly, it is

**RECOMMENDED** that "Plaintiff's Renewed Motion for Summary Judgment" should be **GRANTED in part** and **DENIED in part**. The court should grant Plaintiff's request for summary judgment on his direct copyright infringement claim against Defendant, but should deny the motion in all other respects.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street,*

*Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of February, 2016.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge