**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 13-cv-00624-RM-KMT

JAMES S. GRADY,

    Plaintiff,

v.

SAMUEL IACULLO,

    Defendant.

_____

**OPINION AND ORDER**
_____

The Court hereby VACATES its Opinion entered April 15, 2016 (ECF No. 61), and enters this Opinion in its place. The only changes are: (1) the deletion of language that plaintiff's case could have been dismissed due to his failure to present evidence to support his claims (*id*. at 14); and (2) the deletion of language that plaintiff's case would be dismissed if he failed to file a motion for summary judgment after the conclusion of the re-opened discovery period (*id*. at 17).

\*\*\*\*\*\*\*\*\*\*

On March 8, 2013, plaintiff James Grady ("plaintiff") filed a Complaint against Samuel Iacullo ("defendant"), alleging that defendant infringed plaintiff's copyrights in numerous photographs and videos "of professional swimwear models, all of [who] are minors under the age of 18," and his trademark in "TrueTeenBabes." (ECF No. 1). Plaintiff sought declaratory and injunctive relief, statutory damages for plaintiff's alleged acts of copyright infringement, damages

for plaintiff's alleged trademark infringement, punitive damages, and attorney's fees. (*Id*. at 17-18.) Defendant is proceeding *pro se*.

On August 5, 2015, plaintiff filed a Renewed Motion for Summary Judgment (ECF No. 52).[1] Defendant did not respond to the renewed motion for summary judgment, but he did respond to plaintiff's original motion for summary judgment (ECF No. 46), and plaintiff filed a reply to that response (ECF No. 48). After referral, on February 29, 2016, U.S. Magistrate Judge Kathleen Tafoya entered a report and recommendation ("R&R"), recommending that plaintiff's renewed motion for summary judgment be granted in part and denied in part. (ECF Nos. 53. 54.) Specifically, the Magistrate Judge recommended granting summary judgment on plaintiff's claim for direct copyright infringement, but denying it as to plaintiff's claims for contributory and vicarious copyright infringement and trademark infringement. (ECF No. 54.)

On March 22, 2016, defendant filed an objection to the R&R. (ECF No. 55.) On April 4, 2016, plaintiff filed a response to defendant's objection. (ECF No. 56.) As a result, the renewed motion for summary judgment and the R&R with respect thereto are now before the Court. For the reasons discussed below, the Court SUSTAINS defendant's objection to the R&R, ADOPTS IN PART and REJECTS IN PART the R&R, and DENIES the renewed motion for summary judgment.[2]

## I.     Statement of Facts

---

[1] Plaintiff's original motion for summary judgment (ECF No. 38) was denied without prejudice for failing to include a statement of undisputed facts (ECF No. 51).

[2] The Court notes that in his response to the original motion for summary judgment, defendant included a "Cross-Motion for Summary Judgment" with respect to affirmative defenses raised in his answer to the complaint. (*See* ECF No. 46 at 7-10.) Plaintiff did not respond to this cross-motion, and the Magistrate Judge did not address it in the R&R. (*See generally* ECF Nos. 48, 54.) In any event, other than citing to his answer, defendant provides no evidence to support any of the affirmative defenses raised therein, and thus, the Court DENIES defendant's cross-motion. *See* Fed.R.Civ.P. 56(c).

As an initial matter, the Court observes that plaintiff has violated the Court's Civil Practice Standards with respect to the presentation of undisputed material facts at summary judgment. The Court's Civil Practice Standards are clearly announced in this regard. Specifically, Civil Practice Standard IV.B.2.a.ii. provides that a summary judgment movant's statement of undisputed material facts must be *separate* and be in a three-column format. Given that plaintiff's original motion for summary judgment contained *no* statement of facts, and the renewed motion for summary judgment does not contain a *separate* statement of facts, the Court can only assume that plaintiff's counsel has never read this Court's Civil Practice Standards. This alone is enough for the Court to deny the renewed motion for summary judgment. *See* Civil Practice Standard IV.F.

Nonetheless, despite plaintiff's failure to properly present its alleged undisputed material facts, the Magistrate Judge managed to piece together a factual background to the case (*See* ECF No. 54 at 2-4), and neither party objects to that factual background (*see generally* ECF Nos. 55, 56). Thus, the Court will proceed with addressing the merits of the renewed motion for summary judgment on this occasion only. In the future, the Court would *strongly* advise plaintiff's counsel to read and comply with the Court's Civil Practice Standards or face the consequences of his or her actions.[3]

## II. Review of a Magistrate Judge's Report and Recommendation

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C.

---

[3] The Court's Civil Practice Standards are publicly available on the U.S. District Court for the District of Colorado's website.

§636(b)(1); Fed. R. Civ. P. 72(b)(3). A party is entitled to a *de novo* review of those portions of the report and recommendation to which specific objection is made. *See* Fed.R.Civ.P. 72(b)(2), (3). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30 St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Furthermore, arguments not raised before the magistrate judge need not be considered by this Court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

### III. Legal Standard for Summary Judgment

Summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact," and "the burden of showing beyond a reasonable doubt that it is entitled to summary judgment." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (quotation and internal quotation omitted). If the moving party bears the burden of persuasion on a claim at trial, that party must support its motion with evidence that, if uncontroverted, would entitle it to a

directed verdict at trial. *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10 Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548 (1986)).

A fact is material if it has the potential to affect the outcome of a dispute under applicable law. *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995). An issue is genuine if a rational trier of fact could find for the non-moving party. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). In performing this analysis, the factual record and any reasonable inferences therefrom are construed in the light most favorable to the non-moving party. *Id*.

## IV. Objections to the R&R

Plaintiff did not file any objections to the R&R, nor did plaintiff raise any objections to the same in his response to defendant's objection to the R&R. (*See generally* ECF No. 56.) Thus, the Court may review the Magistrate Judge's recommendation to deny summary judgment as to plaintiff's claims for contributory and vicarious copyright infringement and trademark infringement under any standard it deems fit. *See Summers*, 927 F.2d at 1167. In that light, based on the Magistrate Judge's well reasoned recommendation to deny those claims, the Court ADOPTS the R&R with respect to those claims, and DENIES the renewed motion for summary judgment as it pertains to plaintiff's claims for contributory and vicarious copyright infringement and trademark infringement.[4]

---

[4] The Court acknowledges that one of the bases for the Magistrate Judge's recommendation to deny summary judgment as to plaintiff's contributory and vicarious copyright infringement claims was due to the Magistrate Judge finding that plaintiff had prevailed with his direct copyright infringement claim. (ECF No. 54 at 10.) As discussed *infra*, the Court rejects that latter finding with respect to direct copyright infringement. Apparent success on the direct infringement claim, though, was not the only bases for the Magistrate Judge's recommendation to deny summary judgment as to plaintiff's contributory and vicarious copyright infringement claims. As to contributory copyright infringement, the Magistrate Judge also found that plaintiff failed to provide any evidence to support his allegations that his photographs and videos had been viewed 300,000 times on a third-party website or that defendant encouraged users of the website to display his photographs and videos. (*Id*. at 10-11.) The Court agrees with this finding. As to vicarious copyright infringement, the Magistrate Judge found that plaintiff had provided no evidence that defendant

5

Defendant objects to the Magistrate Judge's finding that his sharing of links to plaintiff's photographs and videos with other users of a website constituted copyright infringement. (ECF No. 55 at 1-2.) Although defendant's objection is not perfectly clear, he appears to argue that he only shared hyperlinks to plaintiff's photographs and videos, and that he was never in possession or control of the photographs or videos. (*See id*.) Defendant also argues that his computer has never stored plaintiff's photographs and videos, and thus, he has not copied the same, citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). (*Id*. at 2.)

In response, plaintiff argues that the Magistrate Judge correctly found that defendant copied its photographs and videos, and asserts that *Perfect 10* does not support defendant's argument and/or is inapposite. (ECF No. 56 at 2-4.) Plaintiff also argues that defendant's objection to the R&R was untimely filed. (*Id*. at 1-2.)

With respect to the latter argument, plaintiff accurately asserts that the objection to the R&R was not timely filed. The R&R was entered on February 29, 2016, and the objection was filed on March 22, 2016—22 days after entry of the R&R.[5] (ECF Nos. 54, 55.) Objections to a report and recommendation must be filed in 14 days, Fed.R.Civ.P. 72(b)(2), which is extended by 3 days

---

had the ability to control any other person's infringing activities or that defendant profited from any person's direct infringement. (*Id*. at 11-12.) The Court agrees with this finding as well, especially given that plaintiff's affidavit is based on nothing more than speculation. (*See* ECF No. 52-3 at ¶ 12 ("The purpose of this action *appears* to be to unlawfully earn rewards from this website, including access to premium libraries without charge and to encourage others to trade materials ….")); Fed.R.Civ.P. 56(c)(4) (providing that affidavits must be made on personal knowledge). As discussed *supra*, plaintiff should have objected to these findings, which were not contingent upon the success or lack thereof of the direct copyright infringement claim. In any event, as discussed *infra*, plaintiff has failed to establish the first part of a contributory or vicarious copyright infringement claim: direct copyright infringement.

[5] Defendant's objection to the R&R is dated March 13, 2016. (ECF No. 55 at 3.) However, because Fed.R.Civ.P. 72(b) requires objections to be *filed* within 14 days of the entry of a report and recommendation, and defendant is not a prisoner, the fact that the objection here is dated on a different date to the one on which it was filed is irrelevant. *See* Fed.R.Civ.P. 72(b)(2); *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

because service was made electronically, Fed.R.Civ.P. 6(d) (referencing Fed.R.Civ.P. 5(b)(2)(E)). Although defendant is proceeding *pro se*, he is still required to comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Thus, as plaintiff asserts, defendant is not necessarily entitled to *de novo* review of his objection. *See 2121 E. 30 St.*, 73 F.3d at 1060. Instead, this Court may utilize "any standard it deems appropriate." *Summers*, 927 F.2d at 1167. In this case, however, the Court deems *de novo* review to be the most appropriate standard. This is especially the case here where plaintiff himself has been entirely unable to observe the rules of procedure for civil cases before this Court; it hardly seems *appropriate* for the Court to ignore civil practice standards to the benefit of plaintiff, but to enforce them to the detriment of defendant. As a result, the Court will address the merit of defendant's objection.

V. **Legal Standard for Copyright Infringement**

There are two elements to a copyright infringement claim, and the plaintiff bears the burden of proof as to both: "(1) ownership of a valid copyright, and (2) copying by the defendant of protected components of the copyrighted material." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993). Ordinarily, a certificate of registration from the U.S. Copyright Office "constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

The second element requires proof that the defendant actually copied portions of the protected work, and the portions of the work copied were "protected expression and of such importance to the copied work that the appropriation is actionable." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009) (quotation omitted). "[A] plaintiff can indirectly prove copying (in a factual sense) by establishing that [the defendant] had access to the copyrighted

work and that there are probative similarities between the copyrighted material and the allegedly copied material." *Id*. (quotation omitted). In this context, copying is "a shorthand reference to any infringement of the copyright holder's exclusive rights" as set forth in 17 U.S.C. § 106 ("§ 106"). *Gates Rubber*, 9 F.3d at 832 n.6. A copyright holder's exclusive rights include, in pertinent part, the rights to reproduce the copyrighted work, to prepare derivative works, and to distribute copies of the work. 17 U.S.C. § 106(1)-(3).[6]

The Copyright Act, 17 U.S.C. § 101 *et seq.*, defines "[c]opies" as "material objects … in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated either directly or with the aid of a machine or device." *Id*. § 101. The Copyright Act further explains that "[a] work is 'fixed' in a tangible medium of expression when its embodiment in a copy … is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. A work consisting of sounds, images, or both, that are being transmitted, is 'fixed' … if a fixation of the work is being made simultaneously with its transmission." *Id*.

## VI. Discussion

Defendant's objection to the R&R is that, although he "shar[ed]" in some manner plaintiff's photographs and videos with other users of a third-party website, at no point did he copy or store those photographs or videos onto his computer, citing *Perfect 10*. (ECF No. 55 at 1-2.) Defendant raised this same argument in his response to the original motion for summary judgment. (ECF

---

[6] In the complaint, plaintiff alleges that defendant violated his exclusive rights to reproduce and distribute. (ECF No. 1 at ¶ 47.) In the motion for summary judgment, though, plaintiff does not differentiate between the respective exclusive rights in arguing that defendant infringed his copyrights. (*See* ECF No. 52 at 6-7.) In any event, both exclusive rights require that a plaintiff prove that "copies" were either reproduced or distributed, 17 U.S.C. § 106(1), (3), which, as discussed *infra*, is the main source of dispute in this case.

No. 46 at 3.) The Magistrate Judge, though, failed to address it in the R&R in finding that defendant infringed plaintiff's copyrights. (ECF No. 54 at 7.) Because the Court finds that defendant's argument has merit, the Court thus REJECTS the part of the R&R related to the second element of plaintiff's direct copyright infringement claim. As a result, the Court will conduct a *de novo* review of that element.

As discussed *supra*, the second element of a direct copyright infringement claim requires, *inter alia*, that the defendant copied protected components of a copyrighted work. *Gates Rubber*, 9 F.3d at 831. Here, defendant's dispute is over whether he copied plaintiff's photographs and videos. In that regard, both parties cite *Perfect 10* (ECF No. 46 at 3; ECF No. 48 at 3-5; ECF No. 55 at 2; ECF No. 56 at 2-5), so the Court will begin its discussion there.

In *Perfect 10*, the Ninth Circuit Court of Appeals was faced with challenges to Google's practices of creating and publicly displaying thumbnail versions of the plaintiff's images, and linking to third-party websites that displayed infringing full-size versions of the plaintiff's images. *Perfect 10*, 508 F.3d at 1154. In addressing whether Google's practices violated the plaintiff's display right, the Ninth Circuit explained that a photographic image is "'fixed' in a tangible medium of expression, for purposes of the Copyright Act, *when embodied (i.e., stored) in a computer's server (or hard disk, or other storage device)*. The image stored in the computer is the 'copy' of the work for purposes of copyright law." *Id*. at 1160 (emphasis added). The Ninth Circuit then concluded that, because Google did not dispute that its computers stored thumbnail versions of the plaintiff's copyrighted images, the plaintiff had made a prima facie case that its display right had been infringed. *Id*. The Ninth Circuit contrasted this to Google's practice of linking to third-party websites, as this process did not result in Google's computers storing photographic images, and thus,

9

"Google [did] not have a copy of the images for purposes of the Copyright Act." *Id*. at 1160-61. The Ninth Circuit further concluded that Google had not directly infringed the plaintiff's distribution rights because, although Google indexed the plaintiff's images, Google did not have a collection of stored full-size images that it made available to the public, and thus, could not be deemed to have distributed copies of those images for copyright purposes. *Id*. at 1162-63.

As this Court reads *Perfect 10*, a key consideration in that case was whether a copyrighted image was *stored* on an alleged infringer's computer. This is consistent with the law in the Ninth Circuit preceding *Perfect 10*; specifically, the Ninth Circuit's decision in *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993). In that decision, the Ninth Circuit held that the transfer of a software program from a third party's computer to another computer's random access memory ("RAM") constituted "copying" for purposes of the Copyright Act because the RAM copy was sufficiently "fixed" to permit it to be perceived, reproduced, or otherwise communicated under 17 U.S.C. § 101. *Id*. at 518-519. In other words, transferring a copyrighted work into a computer's RAM can create a copy under the Copyright Act.[7]

Since *MAI*, this reasoning has been adopted by other Circuit Courts. *See Stenograph L.L.C. v. Bossard Assoc., Inc.*, 144 F.3d 96, 101-102 (D.C. Cir. 1998) (explaining that copying occurred when software was loaded into the RAM of the defendant's computers); *NLFC, Inc. v. Devcom Mid-*

---

[7] Nothing in this Opinion should be construed as suggesting that transferring a copyrighted work into a computer's RAM is the *only* manner in which a computer can be used to create a copy under the Copyright Act. For example, to the extent that a computer ("the machine") could be used to cause a third-party, such as a website or another computer, to create a thumbnail or other type of image of a copyrighted work, without that image being viewed by the user of the machine or the image appearing on the screen of the machine, *arguably* that could constitute direct copyright infringement or contributory copyright infringement in that the machine caused a copy to be made, although potentially without the image being stored directly on the machine. That is not what has been alleged in this case. As such, this Court is not attempting, inferentially or otherwise, to speak to such a scenario.

*America, Inc.*, 45 F.3d 231, 235-236 (7th Cir. 1995) (concluding that the defendant did not copy the plaintiff's software because the plaintiff produced insufficient evidence to support the inference that a printout of its source code originated from the defendant's computers); *Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*, 338 F. App'x 329, 336-337 (4th Cir. 2009) (holding that copies of the plaintiff's software loaded onto the defendant's computers' RAM were sufficiently fixed for purposes of copyright infringement); *see also Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 127-129 (2d Cir. 2008) (construing *MAI* as holding that "loading a program into a computer's RAM *can* result in copying that program," and that, for such copying to be infringing under the Copyright Act, it must remain embodied in a medium for more than transitory duration) (emphasis in original).

Although the Tenth Circuit Court of Appeals has not addressed the issue of when copyrighted material is copied by a person using a computer, this Court sees no reason for departing from the holdings of the cases cited *supra*. Specifically, the Court concurs with the Second Circuit's holding in *Cartoon Network* that for a work to be fixed and copied under the Copyright Act it must (1) be placed in a medium such that it can be perceived or reproduced from that medium, and (2) remain so placed for a period of more than transitory duration. *Cartoon Network*, 536 F.3d at 127. This holding is consistent with the language defining "copied" and "fixed" in the Copyright Act, 17 U.S.C. § 101.

In his response to defendant's objection to the R&R, plaintiff argues that *Perfect 10* does not support defendant's argument and/or is inapposite. (*See* ECF No. 56 at 3-5.) The Court does not agree. First, plaintiff argues that the Ninth Circuit "sharply distinguished" between hyperlinks showing a URL and hyperlinks displaying a thumbnail image. (*Id*. at 3.) Plaintiff fails to add,

however, *why* the Ninth Circuit differentiated between those two forms of communication: because the images displayed by way of URL hyperlinks were *not* stored on Google's computers, while the images displayed by way of thumbnail *were* stored on Google's computers. *See Perfect 10*, 508 F.3d at 1160-61. That was the reason for the different treatment, not, as plaintiff appears to suggest, simply because thumbnails in and of themselves were inherently infringing copies.[8] Second, plaintiff argues that Google's conduct was "proscribed and protected by the Digital Millennium Copyright Act." (ECF No. 55 at 3.) Whether or not that was the case, it is irrelevant because it was certainly not a reason for the Ninth Circuit's holding with respect to the direct infringement claims. *See Perfect 10*, 508 F.3d at 1160-61. The same is true of plaintiff's argument that Google's thumbnail images were somehow different from the ones at issue here on the ground that clicking on Google's thumbnails generally routed a user to the author's webpage. (*See* ECF No. 56 at 4.) That argument pertains to whether Google's infringing thumbnails constituted fair use, not whether they were infringing in the first place. *See Perfect 10*, 508 F.3d at 1165 (finding Google's thumbnails to be "transformative" because the image directs a user to a source of information).

Similarly, plaintiff's argument that the thumbnails here are different because they are surrounded with "licentious materials" has no relevance to whether the thumbnails constitute copies for purposes of the Copyright Act. (*See* ECF No. 56 at 4.) There is not one definition of "copies" for "licentious materials," and a different one for supposedly more "transformative" images such as Google's. Plaintiff also fails to explain the relevance of his apparent argument that, because defendant is a living, breathing person with free will, defendant's decisions to share plaintiff's photographs and videos render that conduct more infringing than Google's. (*See id*. at 4-5.) Apart

---

[8] To the extent plaintiff is arguing that thumbnail images are inherently infringing, he has failed to present any evidence of this.

from the fact that Google's thumbnails were found to be infringing in *Perfect 10*, and thus, defendant's conduct cannot be any more infringing, plaintiff again misses the point that Google's conduct was either infringing or not based on whether Google stored thumbnails or full-sized images on its computers. In other words, whether or not a person or entity must act with free will or volitionally, *see CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) (holding that internet service providers do not copy material in direct violation of the Copyright Act when "passively storing material at the direction of users in order to make that material available to other users upon their request"), at the very least, the copyrighted work must be stored on the person or entity's computer.

Returning to the facts of this case, here, plaintiff has presented no evidence that his photographs and videos were stored on defendant's computer. Instead, in the statement of facts within the renewed motion for summary judgment, plaintiff focuses solely upon plaintiff's acknowledgment that he provided links to plaintiff's photographs and videos to other users of a third-party website. (ECF No. 52 at 3-4.) Defendant has never disputed that he provided links to plaintiff's photographs and videos; and he acknowledges that fact yet again in his objection to the R&R. (ECF No. 55 at 1-2.) The problem for plaintiff is that merely because defendant, in some manner, shared plaintiff's photographs and videos does not necessarily mean that defendant copied the same in a way that infringes plaintiff's copyrights. In other words, plaintiff was required to present some evidence that its photographs and videos were placed on defendant's computer and remained placed there for a period of more than transitory duration. *See Cartoon Network*, 536 F.3d at 127; *Perfect 10*, 508 F.3d at 1160. Otherwise, it cannot be said that defendant had a copy of

plaintiff's photographs and videos for purposes of the Copyright Act. *See Perfect 10*, 508 F.3d at 1160-61.

As the party with the burden of proof, *see La Resolana*, 555 F.3d at 1177, and, thus, the party with the burden of providing evidence that, if uncontroverted, would entitle it to a directed verdict at trial, *see Celotex Corp.*, 477 U.S. at 331, it was plaintiff's burden to provide evidence that defendant's conduct constituted copyright infringement, or, more accurately here, that defendant's sharing of thumbnail images resulted in the same being copied to the RAM of defendant's computer for a period of more than transitory duration. *See Cartoon Network*, 536 F.3d at 127; *Perfect 10*, 508 F.3d at 1160.[9] As discussed *supra*, though, plaintiff has failed in this evidentiary endeavor. Nonetheless, because the facts, regarding whether defendant's conduct constituted copying or contributory copying for purposes of the Copyright Act, have not been developed (by either party) in any real manner,[10] the Court believes that further clarification is necessary.

A starting point for resolving this issue is in the parties' joint reliance on defendant's acknowledgment that he "shared" links to plaintiff's photographs and videos that had already been uploaded to the third-party website. (*See* ECF No. 46 at 2-3, 12.) Beyond stating that defendant "shared" the subject photographs and videos, plaintiff provides no explanation of what this sharing

---

[9] As the Second Circuit observed in *Cartoon Network*, the "transitory duration" requirement is equally important to this analysis. *See Cartoon Network*, 536 F.3d at 127-29; *Advanced Computer Servs. of Michigan, Inc. v. MAI Sys. Corp.*, 845 F. Supp. 356, 362-363 (E.D.Va. 1994) (finding that, where a computer program is loaded into RAM for "minutes or longer," the representation is sufficiently fixed to constitute a copy under the Copyright Act, but explaining that a time of "seconds or fractions of a second" may be "too ephemeral to be considered a copy).

[10] In an affidavit attached to his response to the motion for summary judgment, plaintiff asserted that "[s]haring" an image on the third-party website does not "copy, distribute, move or modify" the images. (ECF No. 46 at 12.) However, that statement does not address whether, having shared the images with other users of the website, the images were copied, in some manner, to defendant's computer.

process entails. Moreover, plaintiff fails to even allege how his photographs and videos went from being uploaded to the third-party website (acts which plaintiff does not allege that defendant engaged) to appearing on a forum within that website. Evidence shining light on this process may suggest whether any of the photographs or videos were stored on defendant's computer, or whether defendant induced another person or entity to directly infringe plaintiff's copyrights.

Based on what the Court can discern from the limited facts presented, plaintiff may have a problem with providing evidence that defendant actually downloaded the subject photographs and videos onto his computer's hard drive. This does not necessarily mean, however, that the same were not "fixed" within defendant's computer for purposes of the Copyright Act. *See Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1105-06 (C.D. Cal. 2007) (finding that copies of webpages stored automatically in a computer's RAM upon viewing the webpage constituted a "copy" for purposes of the Copyright Act, when the defendant did not contest that, "as a technological question, whenever a webpage is viewed on a computer, copies of the viewed pages are made and stored on the viewer's computer."). It also does not mean that defendant did not intentionally induce another party to directly infringe for purposes of contributory copyright infringement.

Here, though, there is no explanation of whether sharing links to plaintiff's photographs and videos resulted in copies of thumbnails being automatically stored on defendant's computer. Similarly, there is no explanation in plaintiff's statement of facts as to whether defendant's act of sharing links to plaintiff's photographs and videos caused or induced another party to directly infringe plaintiff's copyrights. Given the apparent technological aspect to these questions, expert testimony, or at least testimony from a witness with personal knowledge and experience of the

process of sharing hyperlinks or thumbnails and whether that sharing results in thumbnails being stored on a computer, would appear to be necessary to satisfy plaintiff's burden of proving either direct or contributory copyright infringement claims.[11] This evidence may take the form of affidavit(s) or declaration(s) in compliance with Fed.R.Civ.P. 56(c)(4).

With all of the above in mind, the Court will **re-open discovery for sixty (60) days from the date of this Opinion** to allow plaintiff an additional and final opportunity to procure admissible evidence in support of his direct and contributory copyright infringement claims, as well as for defendant to obtain any admissible evidence that he believes rebuts that claim. Twenty-one (21) days after the end of this additional period of discovery, plaintiff may, if he believes there is evidence supporting his claim, file a motion for summary judgment—**one that complies completely with this Court's Civil Practice Standards**; in other words, one with a *separate* statement of undisputed and material facts that is provided to defendant in an editable electronic version in Word or WordPerfect format.[12] Defendant shall then have fourteen (14) days from the filing of any motion for summary judgment to file a response (along with a response statement of undisputed and material facts, if any), and plaintiff shall have seven (7) days to file a reply (along with a reply statement of

---

[11] As such, interrogatories and requests for admission will not suffice, and none will be permitted going forward, pursuant to Fed.R.Civ.P. 26(b)(2)(A). The evidence must be based upon personal knowledge. Fed.R.Civ.P. 54(c)(4). In addition, contrary to plaintiff's apparent contention in his reply to the motion for summary judgment, defendant's failure to produce his hard drive in defendant's bankruptcy proceeding did not concede that direct copyright infringement can be established without physical possession. (*See* ECF No. 48 at 6 n.2.) That is a legal issue for the Court to determine.

[12] To the extent plaintiff chooses to file a motion for summary judgment, plaintiff shall be required to state whether he seeks summary judgment as to damages, and, if not, whether he seeks to reserve that issue for trial. As the Magistrate Judge observed, there is at least one issue with respect to damages, (*see* ECF No. 54 at 12-13), and the Court can discern more. For example, there is an issue regarding the *number* of statutory violations defendant allegedly committed (assuming summary judgment is granted as to the direct copyright infringement claim). Plaintiff appears to believe that 1,535 violations occurred. (*See* ECF No. 1 at 18.) In light of another case in this District involving plaintiff, that number may be far, far lower. *See Grady v. Swisher*, 2014 WL 3562794, at *15-16 (D. Colo. Jul. 18, 2014).

undisputed and material facts, if any). **No extensions to these deadlines will be allowed under any circumstances.**[13]

### VII. Conclusion

For the reasons set forth herein, the Court:

(1)   SUSTAINS defendant's objection to the R&R (ECF No. 55);

(2)   ADOPTS IN PART and REJECTS IN PART the R&R (ECF No. 54);

(3)   DENIES plaintiff's renewed motion for summary judgment (ECF No. 52); and

(4)   DENIES defendant's Cross Motion for Summary Judgment (ECF No. 46 at 7-10).

**SO ORDERED.**

DATED this 18th day of April, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[13] In that regard, this case has now been pending for more than three years, and the time for plaintiff to produce evidence in support of its claim should have come and gone. (*See* ECF No. 33 at 9 (setting the discovery deadline as May 4, 2015)). Thus, no further extension would be justified.