**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Case No. 13-cv-00624-RM-KMT

JAMES S. GRADY,

      Plaintiff,

v.

SAMUEL IACULLO,

      Defendant.

_____

**OPINION AND ORDER**
_____

On April 18, 2016, this Court, *inter alia*, denied plaintiff James Grady's ("plaintiff")

Renewed Motion for Summary Judgment. (ECF No. 62.)[1]  In doing so, the Court found that plaintiff

had failed to present any evidence with respect to whether sharing thumbnail links to plaintiff's

photographs and videos resulted in copies of the same being automatically stored on defendant

Samuel Iacullo's ("defendant") computer. (ECF No. 62 at 15.)  The Court noted that, given the

apparent technological aspect to the questions left unresolved, expert testimony, or at least testimony

from a witness with personal knowledge and experience of the process of sharing hyperlinks or

thumbnails and whether that sharing results in thumbnails being stored on a computer, would appear

to be necessary to satisfy plaintiff's burden of proving either direct or contributory copyright

infringement. (*Id*. at 15-16.)  With that in mind, the Court re-opened discovery for 60 days so that

_____

[1] The Court assumes the readers familiarity with the April 18, 2016 Opinion ("the prior Opinion"), as well as the Magistrate Judge's February 29, 2016 Report and Recommendation (ECF No. 54).

plaintiff could obtain admissible evidence in order to support his direct and contributory copyright infringement claims and so defendant could obtain evidence to rebut those claims. (*Id*. at 16.)

That period has now passed, and, as envisioned by the Court's prior Opinion, plaintiff has filed another motion for summary judgment ("the motion for summary judgment"). (*See* ECF No. 71.) Defendant has filed a response, as well as objections to exhibits A, B, and C to the motion for summary judgment. (ECF No. 79-1 at 1-10, 86-99.) Plaintiff has filed a reply. (ECF No. 80.)

## I.      Legal Standard for Summary Judgment

Summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact," and "the burden of showing beyond a reasonable doubt that it is entitled to summary judgment." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (quotation and internal quotation omitted). If the moving party bears the burden of persuasion on a claim at trial, that party must support its motion with evidence that, if uncontroverted, would entitle it to a directed verdict at trial. *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548 (1986)).

A fact is material if it has the potential to affect the outcome of a dispute under applicable law. *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995). An issue is genuine if a rational trier of fact could find for the non-moving party. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). In performing this analysis, the factual record and any reasonable inferences therefrom are construed in the light most favorable to the non-moving party. *Id*.

## II.   Legal Standard for Copyright Infringement

There are two elements to a copyright infringement claim, and the plaintiff bears the burden of proof as to both: "(1) ownership of a valid copyright, and (2) copying by the defendant of protected components of the copyrighted material." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993). Ordinarily, a certificate of registration from the U.S. Copyright Office "constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005).

The second element requires proof that the defendant actually copied portions of the protected work, and the portions of the work copied were "protected expression and of such importance to the copied work that the appropriation is actionable." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009) (quotation omitted). "[A] plaintiff can indirectly prove copying (in a factual sense) by establishing that [the defendant] had access to the copyrighted work and that there are probative similarities between the copyrighted material and the allegedly copied material." *Id*. (quotation omitted). In this context, copying is "a shorthand reference to any infringement of the copyright holder's exclusive rights" as set forth in 17 U.S.C. § 106 ("§ 106"). *Gates Rubber*, 9 F.3d at 832 n.6. A copyright holder's exclusive rights include, in pertinent part, the rights to reproduce the copyrighted work, to prepare derivative works, and to distribute copies of the work. 17 U.S.C. § 106(1)-(3).

The Copyright Act, 17 U.S.C. § 101 *et seq.*, defines "[c]opies" as "material objects … in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated either directly or with the aid of a machine or device." *Id*. § 101. The Copyright Act further explains that "[a] work is 'fixed' in a tangible

medium of expression when its embodiment in a copy … is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration.  A work consisting of sounds, images, or both, that are being transmitted, is 'fixed' … if a fixation of the work is being made simultaneously with its transmission." *Id.*

### III.   Discussion[2]

As the Court discussed in great detail in its prior Opinion, the main dispute of merit between the parties is whether images and videos of plaintiff's works were copied to or fixed within defendant's computer.  (ECF No. 62 at 8-16.)  If they were, then defendant engaged in direct copyright infringement of plaintiff's works.  If not, then plaintiff's case falls apart.  To be clear, therefore, the only pertinent issue is whether plaintiff has presented sufficient evidence showing that at least some of his copyrighted works were placed within a medium on defendant's computer so that the work could be perceived or reproduced, and remain so placed for a period of more than transitory duration.  (*See* ECF No. 62 at 11 (citing *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 127 (2d Cir. 2008))).

To this end, plaintiff has presented an expert report ("the expert report").  (*See* ECF No.-80-19.)  In response, defendant has objected to consideration of the expert report.  (*See* ECF No. 79-1 at 89-92.)  The Court addresses defendant's objections first.  Defendant asserts that the expert report is "based on evidence not relevant to the case, based on hearsay, and invalid as not being sworn under penalty of perjury."  (*Id.* at 89.)  Plaintiff thus asserts that the entire expert report is inadmissible.  (*Id.*)

---

[2] The Court does not set out a separate section containing the facts, but includes the pertinent facts in its discussion *infra*.

With respect to the latter matter, to the extent the expert report needed to be sworn under penalty of perjury, it has now been so sworn. (*See* ECF No. 80-19 at 1-2.)  Therefore, the Court rejects this argument for disregarding the expert report. *See Sofford v. Schindler Elevator Corp*, 954 F. Supp. 1459, 1463 (D. Colo. 1997) (stating that the Tenth Circuit Court of Appeals has not addressed whether an expert report need be sworn to meet the requirements of Fed.R.Civ.P. 56, and generalizing that unverified reports may not be used to support factual determinations unless reduced to a form recognized by the federal rules).

Next, defendant argues that the information presented in the expert report is irrelevant.  More specifically, defendant argues that the website at issue here, motherless.com ("the website"), "contains unique features and processes that can not be evaluated by referencing how basic downloading and uploading works on other websites, or on the internet in general." (ECF No. 79-1 at 90.)  Defendant adds that, while the conclusions in the expert report about how a web browser interacts with a user's local hard drive are "technically correct, they do not address how information is stored on a computer while using the share feature of Motherless.com." (*Id*.)  Defendant, though, presents no evidence to support his assertions that the website, or its sharing features, is somehow different to other websites or the internet in general when it comes to how a web browser interacts with a user's local hard drive.  Nor does defendant explain why the website cannot be evaluated by referencing how basic downloading and uploading works.  As a result, the Court disregards this argument too.

Finally, defendant argues that two paragraphs of the expert report contain hearsay.  (ECF No. 79-1 at 91.)  Plaintiff does not dispute this, but argues that its expert may rely upon the hearsay because it is evidence that experts in the field would reasonably rely upon.  (ECF No. 83 at 6.)

Plaintiff provides no support for this assertion however, whether from the expert himself, other evidence, or the law.  Merely because experts may routinely rely on testimony of others, does not mean that experts in the field of this expert reasonably rely on information such as that relied upon in the expert report.  Further, contrary to plaintiff's assertion, defendant has very much challenged the hearsay upon which the expert relies.  (*See* ECF No. 79-1 at 95.)

The Court is also troubled by plaintiff's assertion that his affidavit (from which the hearsay derives) is "proper" summary judgment evidence.  In effect, plaintiff's affidavit attempts to be an expert report, without attempting to go through the niceties of being such a report, as well as adding a great deal of unsupported argument and facts to buttress plaintiff's case.  Chief among these unsupported facts is that an image must be viewed in thumbnail and in larger format in order to share it on the website.  (*See* ECF No. 71-3 at ¶ 33.)  This has been very much disputed by defendant since the outset of the parties' dispute.  (*See* ECF No. 52-2 at 8 (claiming that "[i]t is possible to share an entire gallery with a group without ever having viewed any full-sized image or video contained in the gallery")).  This also happens to be part of the information upon which the expert relies in his report.  (*See* ECF No. 80-19 at 6.)  As a result, the Court will not consider the third and fifth paragraphs of the expert report because plaintiff has failed to provide any support that the information contained in plaintiff's affidavit is the type of information reasonably relied upon by experts in the particular field at issue here.  *See* Fed.R.Evid. 703.

That, however, ultimately does not resolve the issue in defendant's favor.  The other paragraphs of the expert report provide sufficient support to show that plaintiff's works were placed on a medium on defendant's computer, could be perceived or reproduced from that medium, and were on the medium for more than a transitory duration, and thus, the works were fixed or copied

for purposes of the Copyright Act. *See Cartoon Network*, 536 F.3d at 127. The important considerations here are a computer's hard drive or RAM and the thumbnail images of plaintiff's works. The thumbnail is the work and the RAM or hard drive is the medium on which the work is placed. According to the expert report, "browsing a web page downloads the contents of that web page to the computer's hard drive." (ECF No. 80-19 at 6.) In addition, "[f]iles that have been downloaded to a computer's hard drive can be viewed and/or edited by common programs such as Microsoft Word, Adobe PhotoShop, Microsoft Paint, etc.," and "[d]ownloaded files can also be accessed and copied to other forms of media and/or other computers and devices." (*Id.*)

With this information from the expert report, the Court finds the following. Because browsing a webpage downloads the contents of that webpage to a computer's hard drive, the thumbnail images appearing on the website were downloaded to the hard drive of defendant's computer. Because those images could then be viewed or edited on programs such as Microsoft Word, they could be perceived or reproduced from the computer's hard drive. In addition, because the images could be edited in other programs or accessed and copied to other forms of media, they remained placed on the computer's hard drive for more than transitory duration. As a result, the Court finds that the thumbnail images (and the thumbnail images alone) were copied or fixed for purposes of the Copyright Act.[3] Although the Court acknowledges that the expert report speaks as to the internet in general, and, in a perfect world, the expert report might speak to the motherless.com website itself, as discussed *supra*, defendant presents no evidence that the website is somehow

---

[3] To be clear, there is no undisputed evidence that full sized images of plaintiff's works were copied or fixed for purposes of the Copyright Act.

different to the rest of the internet. Therefore, the Court finds the general principles enunciated in the expert report to be applicable here.[4]

Accordingly, the Court finds that plaintiff is entitled to summary judgment with respect to the direct copyright infringement claim. As the Magistrate Judge noted in the original report and recommendation, there is thus no need to address whether plaintiff is entitled to summary judgment with respect to his other claims because he would gain no additional remedy as to them. (*See* ECF No. 54 at 10.) Nonetheless, so the record is clear, the Court would not grant plaintiff summary judgment with respect to those claims if it had reached the merits for the simple reason that plaintiff has still failed to address any of the Magistrate Judge's observations as to how those claims fall short. For example, with respect to plaintiff's claim for vicarious copyright infringement, plaintiff has still not presented any undisputed evidence that defendant had the ability to control other person's infringing activities or that defendant enjoyed a direct financial benefit from another person's infringing activities. (*See* ECF No. 80-20 at ¶¶ 21-22;[5] *see also* ECF No. 54 at 11-12.)[6]

This leaves damages. In a footnote in its prior Opinion, the Court instructed plaintiff to state whether he would seek summary judgment as to damages, and, if not, whether he would reserve that issue for trial. (ECF No. 62 at 16 n.12.) In the motion for summary judgment, although it is not clear, it does not appear that plaintiff wishes to reserve the issue for trial, given that plaintiff makes

---

[4] As discussed *supra*, the more specific principles enunciated in paragraphs three and five of the expert report have not been considered.

[5] Plaintiff attempts to turn the statement in his affidavit—that defendant's purpose "appears" to be to earn rewards on the website (*see* ECF No. 52-3 at ¶ 12)—into the argument that defendant definitely enjoyed a direct financial benefit (*see* ECF No. 71 at 10). Contrary to plaintiff's suggestion, the former does not lead to the latter.

[6] The Court also notes that it did *not* re-open discovery or allow plaintiff to re-file a motion for summary judgment in order to re-argue his inadequately argued trademark infringement and vicarious copyright infringement claims. (*See* ECF No. 62 at 16.)

at least some sort of argument with respect to damages. (*See* ECF No. 71 at 13-14.)  Plaintiff asks

that the Court award $5,000 for 1,535 works.  (*Id*. at 13.)  Although plaintiff does not specifically

request it, presumably he wants the Court to award damages totaling 5,000 multiplied by 1,535,

which would equal $7,675,000.  The Court will not be doing that.

As the Court forewarned in its prior Opinion (*see* ECF No. 62 at 16 n.12), plaintiff

misconceives the multiplier for the statutory award.  It is not 1,535.  That is the alleged number of

total images and/or videos implicated in this case.  However, as another court in this District has

explained, "the Copyright Act unambiguously provides that a compilation, although composed of

separate and independent works, constitutes one work for purposes of calculating statutory

damages." *Grady v. Swisher*, 2014 WL 3562794, at *15 (D. Colo. July 18, 2014).  In that case, the

court found that, even though the plaintiff alleged 3,259 works had been infringed, only 6

compilations of copyrights were at issue, and thus, at most, only 6 works were infringed.  *Id*.

This Court will follow the same path here.  In other words, for statutory damages purposes,

the Court will assess how many works were infringed based upon how many copyright compilations

were infringed.  In that regard, as far as the Court can discern, plaintiff has not pointed the Court to

any evidence of how many copyright compilations are allegedly at issue.  Therefore, the Court

ORDERS plaintiff to provide evidence of the number of copyright compilations defendant allegedly

infringed by sharing thumbnail images and/or videos through the website.  Plaintiff shall have until

April 5, 2017 to do so.

There is one further problem with the *number* of potential of violations defendant allegedly

committed—a problem that plaintiff has been repeatedly warned about: the insufficient evidence

with respect to timing.  In the most recent motion for summary judgment, plaintiff presents an

affidavit from himself attempting to establish when defendant infringed plaintiff's works.  The

affidavit only goes so far as speculating that the infringement occurred at some point between April

2012 and May 25, 2012.  (*See* ECF No. 71-1 at ¶¶ 3-4.)  It is evident from the affidavit, however,

that there is no idea of what date each of plaintiff's works were actually infringed.  As important, the

exhibit to which the affidavit cites undermines, perhaps critically, plaintiff's statements.  The exhibit

appears to state that defendant joined the website in July 2010, and joined a pertinent group on the

website on February 1, 2011.  (*See id*. at 5.)  It is thus more than plausible that long before plaintiff

was made aware of the website, and, more important, before registration of many of plaintiff's

copyrights, defendant could have been sharing plaintiff's images and videos on the website.  As

such, plaintiff has failed to show beyond a reasonable doubt that he is entitled to summary judgment

as to damages.  *See Trainor*, 318 F.3d at 979.

As a result, the Court further ORDERS plaintiff to provide evidence showing when plaintiff

*first* infringed plaintiff's copyrighted works.  *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315,

330 (4th Cir. 2007) ("infringement commences for the purposes of [the statute] when the first act

in a series of acts constituting continuing infringement occurs.") (quotation and internal quotation

omitted).  So, it is clear, plaintiff's speculative affidavit as to when some of the infringing conduct

may have occurred is insufficient.

This will now be at least the third opportunity that plaintiff has been handed to present

evidence showing that he is entitled to statutory damages in this case.  **The Court forewarns that**

**should the evidence plaintiff submits on this occasion be insufficient, the Court will NOT allow**

**another opportunity and will NOT award any damages in this case.**  Plaintiff shall have until

on or before April 12, 2017 to provide this evidence.  By the same token, defendant will have the

same amount of time to present any evidence showing plaintiff is not entitled to statutory damages,

including (if any) evidence that his infringing conduct took place before plaintiff registered the

copyrights.  No extension will be granted and discovery will NOT be re-opened.

## IV.    Conclusion

For the reasons set forth herein, the Court:

GRANTS in part and DENIES in part plaintiff's motion for summary judgment (ECF

No. 71).[7]

**SO ORDERED.**

DATED this 29th day of March, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[7] The parties raise it, so the Court will briefly address it.  To the extent, defendant cross moves for summary judgment, that request is DENIED.  In defendant's response to the motion for summary judgment, he attaches a number of documents, including his cross-motion for summary judgment that he filed on May 11, 2015 (ECF No. 46 at 7-10), and this Court denied in its prior Opinion (ECF No. 62 at 17).  First, the Court has already denied the cross-motion.  Second, defendant cannot include a motion in another pleading.  D.C. Colo. LCivR 7.1(d).  For the same reason, the Court does not treat defendant's objections to plaintiff's exhibits to the motion for summary judgment as separate motions.