# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 13-cv-00624-RM-KMT

JAMES S. GRADY,

    Plaintiff,

v.

SAMUEL IACULLO,

    Defendant.

___

# OPINION AND ORDER
___

This matter comes before the Court with the filing of plaintiff James Grady's ("plaintiff") Statement Regarding Damages ("the statement") (ECF No. 94). The statement was filed pursuant to the Court's March 29, 2017 Opinion and Order ("the March 29 Order") (ECF No. 89), granting in part and denying in part plaintiff's second motion for summary judgment. In the March 29 Order, the Court granted the second motion for summary judgment with respect to liability on plaintiff's direct copyright infringement claim. (*Id*. at 8.) The Court denied, however, summary judgment with respect to damages on plaintiff's direct copyright infringement claim. (*Id*. at 8-11.) The Court explained that damages could not be awarded at that stage because plaintiff had failed to provide evidence of (1) the number of copyright compilations defendant had infringed, and (2) when defendant first infringed plaintiff's copyrighted works. (*Id*. at 8-10.) The Court, though, allowed plaintiff another opportunity to present evidence supporting his request for statutory damages. (*Id.* at 10-11.)

Defendant has now filed the statement in response to the Court's instructions in the March 29 Order. With respect to copyright compilations, plaintiff argues that it is not necessary for him to prove how many copyright compilations defendant infringed because none of the 1,535 photographs and/or audiovisual materials defendant purportedly infringed were registered as compilations; instead, they were separate works with each one constituting a separate infringement subject to a separate award of statutory damages. (ECF No. 94 at 2-7.) With respect to timing, plaintiff argues that defendant infringed each work between April 1, 2012 and May 25, 2012, citing an affidavit from plaintiff. (*Id*. at 7-8.) Plaintiff further argues that each work was registered between June 2009 and March 2012, and thus, each work qualifies for statutory damages. (*Id*.)

The Court addresses the timing issue first. As plaintiff did with the second motion for summary judgment, plaintiff again relies upon an affidavit from himself to support his argument that defendant infringed his copyrights after registration.[1] Plaintiff's pertinent assertions in the affidavit are as follows. Each of plaintiff's works was registered between June 2009 and March 2012. (ECF No. 94-2 at ¶ 8.) Plaintiff was first made aware of a forum on motherless.com dedicated to plaintiff's works in January 2012, and plaintiff began monitoring the forum thereafter. (*Id*. at ¶ 12.) Defendant infringed each of plaintiff's works between April 1, 2012 and May 25, 2012. (*Id*. at ¶ 9.) The exact date(s) within that time period when defendant committed his acts of infringement is unknown because, when a user on motherless.com "shares into a group," the date of sharing does not appear. (*Id*. at ¶ 11.) Instead, only the date of original upload is shown. (*Id*.) Plaintiff first

---

[1] The date of infringement viz a viz the date of registration is important because the Copyright Act prohibits awarding statutory damages if (1) any infringement of an unpublished work commenced before the effective date of registration, or (2) any infringement commenced after first publication and before the effective date of registration, unless registration was made within three months of first publication. 17 U.S.C. § 412.

viewed the relevant forum in January 2012, and, at that time, defendant had not shared any of plaintiff's works. (*Id*. at ¶ 13.) Plaintiff monitored the forum approximately every 30 days, starting in January 2012. When the forum was monitored in April 2012, defendant still had not shared plaintiff's works. (*Id*.) On May 25, 2012, the forum was monitored, and all of defendant's posts sharing plaintiff's works appeared in the forum. (*Id*. at ¶ 14.)

The burden of establishing the prerequisite of registration pursuant to 17 U.S.C. § 412 ("§ 412") is on plaintiff, the party moving for statutory damages. *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 364 (D. Mass. 1993). Having reviewed the assertions *supra* in the plaintiff's most recent affidavit, the Court finds that plaintiff has finally met his evidentiary burden of showing when defendant first infringed his copyrights. Notably, plaintiff asserts that no copies of his works were on the motherless.com forum prior to April 2012, and then, when plaintiff returned to the forum on May 25, 2012, all of the works at issue could be found on the forum due to defendant sharing them. The Court acknowledges that plaintiff also asserts that he was not told about the motherless.com website until some time in January 2012, and thus, conceivably, defendant could have shared the works prior to that time. Although that may be conceivable, defendant has not presented any evidence showing that the works were shared at any time other than in the April to May 25, 2012 window.[2] As a result, the Court is compelled to find that plaintiff has established infringement of his works *after* their registration, given that all of plaintiff's copyrights were registered prior to April 2012.

As for the issue of how many copyright compilations are at issue here, based upon the present record, the Court agrees with plaintiff that, that question is irrelevant, given that each one of the

---

[2] In that regard, the Court notes that defendant has not filed any response to the instant statement.

works is a separate image or video, and thus, even though plaintiff may have registered multiple images or videos under a single copyright, the images or videos do not meet the statutory definition of a "compilation." *See* 17 U.S.C. § 101 (defining "compilation" as a "work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."). Moreover, there is no evidence in the record that plaintiff registered any of his images or videos as a compilation.

The next question is the number of images and videos defendant shared on the motherless.com website. Plaintiff asserts that it is 1,535. However, the chart plaintiff attached to his affidavit, which purports to list the number of defendant's copyright violations, tells a different story. Notably, one of the columns in the chart has the heading "Sharing Activity," and then, presumably, the number of pictures and/or videos shared. (*See* ECF No. 94-2 at 5-6.) Presuming that the numbers listed in the "Sharing Activity" column are the number of pictures or videos defendant shared, adding those numbers together produces a total number of 1,238 pictures and 17 videos, which equates to a grand total of 1,255. Because defendant has not challenged the chart, the Court will thus use 1,255 as the number of infringements involved in this action.

This leaves the question of what dollar figure should be used to calculate statutory damages. Although plaintiff does not request a figure in the statement, in the second motion for summary judgment, plaintiff requested a figure of $5,000 for each infringement. (ECF No. 71 at 13.) The Copyright Act provides that statutory damages may be awarded in an amount "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, when "an infringer sustains the burden of proving, and the court finds, that such infringer was not aware and

had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id*. § 504(c)(2).

In defendant's response statement of facts with respect to the second motion for summary judgment, defendant asserted that he had "not seen one example of an image or video bearing a visible copyright, let alone 1,535 examples." (ECF No. 79 at ¶ 1.) A similar assertion is made in defendant's affidavit, which was attached to his response to the second motion for summary judgment. (ECF No. 79-1 at 13.) In his reply statement of facts, plaintiff contested defendant's assertion, citing various exhibits and replying that plaintiff had produced 34 pages showing plaintiff's works as shared by defendant, and that the thumbnail images contain a copyright symbol and the trademark "TrueTeenBabes." (ECF No. 80-20 at ¶ 1.)

The record does not support plaintiff's position. With respect to the 34 pages purportedly showing the works defendant shared, plaintiff cites to "Exhibit A to Reply." Exhibit A to the reply, though, is a six-page affidavit from plaintiff. (*See* ECF No. 80-1.) Fortunately for plaintiff, the Court has spent enough time with this case to know which evidence plaintiff is referring, and it is located in, among other places, 17 attachments to Exhibit A to the reply. (*See* ECF Nos. 80-2 to 80-18.)[3] In the reply, and in plaintiff's affidavit, plaintiff asserts that he observed each thumbnail of his works displayed a copyright symbol and the trademark "TrueTeenBabes." (ECF No. 80 at 4; ECF No. 80-1 at ¶ 5.) The Court has reviewed the 17 attachments, and simply cannot agree that a

---

[3] The Court notes that the relevant information is also contained as an exhibit to the second motion for summary judgment (ECF No. 76-17), as well as an exhibit to the first motion for summary judgment (ECF No. 52-9.) The Court chooses to cite to the 17 attachments, though, because they are in color, and much easier to view than the black and white images contained in ECF No. 76-17 and ECF No. 52-9.

copyright symbol and the trademark "TrueTeenBabes" is visible. As far as the Court can see, there does not appear to be any writing on the thumbnails.

This leads to another problem—missing evidence. Perhaps due to the small size of the thumbnails, in the reply and his affidavit, plaintiff asserts that "a true and accurate enlarged copy of one of the screen captures," has been submitted as Attachment 2 to Exhibit A (ECF No. 80-1 at ¶ 5; ECF No. 80 at 5.) There is, however, no Attachment 2 to Exhibit A to the reply. As a result, the Court has not been provided with the evidence purportedly showing plaintiff's images with a copyright symbol and trademark. This further means that the Court has not been presented with any evidence that disputes defendant's assertion that he did not know plaintiff's images were copyrighted.

In the March 29 Order, the Court forewarned plaintiff that he would not be allowed another opportunity to present evidence in this case. (ECF No. 89 at 10.) Plaintiff has had the first motion for summary judgment, the second motion for summary judgment, and now the instant statement to get his evidence in order. Plaintiff, thus, only has himself to blame for not having done so. As a result, the Court finds that defendant has met his burden of showing, under 17 U.S.C. § 504(c)(2), that he was not aware and had no reason to believe that his acts constituted an infringement of copyright. The Court further finds that statutory damages of $200 per infringement is warranted under the circumstances of this case. In other words, $200 multiplied by 1,255, which equals total statutory damages of $251,000.

Because the parties stipulated to and moved for the dismissal of all other claims between them (ECF No. 98), and the Court granted that relief (ECF No. 100), this case is now complete. The Clerk is instructed to enter Judgment in plaintiff's favor solely as to plaintiff's direct copyright

infringement claim (*see* ECF No. 89), with total statutory damages awarded to plaintiff, pursuant to 17 U.S.C. § 504, in the amount of $251,000. The Clerk may then CLOSE this case.

**SO ORDERED.**

DATED this 24th day of July, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge